

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

DEVIN COPELAND P/K/A
DE RICO and

MAREIO OVERTON,

    Plaintiffs,

    v.                                      Case No.: 2:13 cv 246

JUSTIN BIEBER,
    An Individual,

    Serve:
    Howard Weitzman, Esq.
    Kinsella Weitzman Iser Kump & Aldisert
    3rd Floor
    808 Wilshire Blvd
    Santa Monica, CA 90401
    310-566-9800
    Fax: 310-566-9884
    Email: HWeitzman@kwikalaw.com

USHER RAYMOND IV p/k/a "USHER",
    An Individual,

    Serve:
    Usher Raymond IV p/k/a "Usher" c/o
    J Pat Management
    Music Artists Management Company
    3996 Pleasantdale Road, Suite 104A
    Doraville, GA 30340-4200

HEATHER BRIGHT,
    Individually and d/b/a
    B-RHAKA PUBLISHING,

Serve:
    Heather Bright d/b/a
    B-RHAKA Publishing
    1616 Vista Del Mar, 2nd Floor
    Los Angeles, CA 90028

RAY ROMULUS a/k/a RAYRO,
    Individually and d/b/a
    PLEASE ENJOY THE MUSIC,

    Serve:
    Ray Romulus a/k/a RAYRO d/b/a
    Please Enjoy the Music
    10960 Wilshire Blvd, Floor 5
    Los Angeles, CA 90024-3708

JONATHAN YIP,
    Individually and d/b/a
    PRODUCTS OF THE STREET,

    Serve:
    Jonathan Yip d/b/a
    Products of the Street
    3625 Dellvale Place
    Encino, CA 91436

JEREMY REEVES,
    Individually and d/b/a
    SUMPHU,

    Serve:
    Jeremy Reeves d/b/a
    SUMPHU, c/o
    Universal Music Corp.
    ATTN: Copyright D
    99440 Collections Center Drive
    Chicago, IL 60693

UNIVERSAL MUSIC CORP.,

    Serve:
    Universal Music Corp., c/o

*Copeland v. Bieber et al.*      BYERS LAW GROUP
Case No. _____cv_____; Complaint      WWW.BYERSLAWGROUP.COM
Page 2 of 19

>The Corporation Trust Company
>Corporation Trust Center
>1209 Orange Street
>Wilmington, DE 19801

UNIVERSAL MUSIC PUBLISHING GROUP,

>Serve:
>Universal Music Publishing Group c/o
>CT Corporation System
>818 W. 7th Street, Suite 200
>Los Angeles, CA 90017

SONY/ATV MUSIC PUBLISHING, LLC,

>Serve:
>Sony/ATV Music Publishing c/o
>The Prentis-Hall Corp. System, Inc.
>2711 Centerville Road, Suite 400
>Wilmington, DE 19808

BIEBER TIME PUBLISHING, LLC,

>Serve:
>Bieber Time Publishing, LLC c/o
>Corporation Service Company
>2711 Centreville Road, Ste. 400
>Wilmington, DE 19808

WB MUSIC CORP.,

>Serve:
>WB Music Corp. c/o
>CT Corporation System
>818 W. Seventh St.
>Los Angeles, CA 90017

THE ISLAND DEF JAM MUSIC GROUP,
>A subsidiary of Universal Music Group

>Serve:
>The Island Def Jam Music Group c/o

---

CT Corporation System
818 W. Seventh St.
Los Angeles, CA 90017

STAGE THREE MUSIC (U.S.) INC.,

Serve:
Stage Three Music (U.S.) Inc. c/o
Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, DE 19808

B-RHAKA PUBLISHING,

Serve:
B-RHAKA Publishing, LLC c/o
United Corporate Services, Inc.
874 Walker Road, Suite C
Dover, DE 19904

STAGE THREE MUSIC, LLC,

Serve:
Stage Three Music, LLC c/o
Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, DE 19808

PLEASE ENJOY THE MUSIC,

Serve:
Please Enjoy the Music
10960 Wilshire Blvd, Floor 5
Los Angeles, CA 90024-3708

PRODUCTS OF THE STREET,

Serve:
Products of the Street
3625 Dellvale Place
Encino, CA 91436

SUMPHU,

>Serve:
>SUMPHU c/o
>Universal Music Corp.
>ATTN: Copyright D
>99440 Collections Center Drive
>Chicago, IL 60693

and

JONETTA PATTON,

>Serve:
>Jonetta Patton
>J Pat Management
>Music Artists Management Company
>3996 Pleasantdale Road, Suite 104A
>Doraville, GA 30340-4200

Defendants.

## COMPLAINT

COMES NOW plaintiffs Devin Copeland p/k/a De Rico and Mareio Overton (collectively "Plaintiffs"), by counsel, and for their Complaint against defendants Justin Bieber, Usher Raymond IV p/k/a "Usher," Heather Bright, Ray Romulus a/k/a RayRo, Jonathan Yip, Jeremy Reeves, Universal Music Corporation, Universal Music Publishing Group, Sony/ATV Music Publishing LLC, Bieber Time Publishing, LLC, WB Music Corporation, The Island Def Jam Music Group, Stage Three Music (U.S.) Inc., B-RHAKA Publishing, Stage Three Music LLC, Please Enjoy the Music, Products of the Street, Sumphu, and Jonetta Patton (collectively "Defendants"), state as follows:

## INTRODUCTION

1. This is an action in law and equity for copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq*. Defendants violated the Copyright Act of 1976 by infringing Plaintiffs' copyrights in a music and sound recording owned by Plaintiffs Devin Copeland p/k/a "De Rico" and Mareio Overton entitled "Somebody to Love" thereby unfairly profiting from such use and damaging Plaintiffs. Plaintiffs are seeking damages and injunctive relief.

## JURISDICTION AND VENUE

2. This is an action for copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq*. This Court has subject matter jurisdiction over the claims herein under 28 U.S.C. §§ 1331 and 1338 because this action is based upon violations of federal copyright statutes. This Court has general jurisdiction over the Defendants based upon the nature and extent of Defendants' contacts with this forum. This Court has specific jurisdiction over the Defendants on the basis that acts constituting the infringement underlying this case occurred in whole or in part in the Commonwealth of Virginia.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim of infringement occurred in this district.

## PARTIES

4. Plaintiff Devin Copeland ("Copeland") is an individual who is currently residing in Cheaspeake, Virginia.

5. Plaintiff Mareio Overton ("Overton") is an individual who is currently residing in Portsmouth, Virginia.

6. Defendant Justin Bieber ("Bieber") is an individual who, upon information and belief, is currently residing in the State of California.

7. Defendant Usher Raymond IV p/k/a ("Usher") is an individual who, upon information and belief, is currently residing in the State of Georgia.

8. Defendant Heather Bright (d/b/a B-RHAKA Publishing) is an individual believed to be a resident of California.

9. Defendant Ray Romulus (a/k/a "RayRo" also d/b/a Please Enjoy the Music) is an individual believed to be a resident of California.

10. Defendant Jonathan Yip (d/b/a Product of the Streets) is an individual believed to be a resident of California.

11. Defendant Jeremy Reeves (d/b/a Sumphu) is an individual believed to be a resident of California.

12. Defendant Universal Music Corp. ("UMC") is an entity within the Universal Music Group of companies and is a California corporation with its principal place of business at 2100 Colorado Avenue, Santa Monica, CA 90404. UMC's agent for service of process is CT Corporation System, 818 W 7th St., Suite 200, Los Angeles, CA 90017.

13. Defendant Universal Music Publishing Group Inc. ("UMPG") is a global music publishing operation, a division of UMG, and is a Delaware corporation having a business address at 2100 Colorado Avenue, Santa Monica, CA 90404. UMPG's agent for service of process is

CT Corporation System, 818 W 7th St, Suite 200, Los Angeles, CA 90017.

14. Defendant Sony/ATV Music Publishing, LLC ("Sony") is a Delaware limited liability company with offices located at 8 Music Square W., Nashville, TN 37203. Sony's agent for service of process is The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

15. Defendant Bieber Time Publishing LLC ("Bieber Time") is a Delaware limited liability company. Bieber Time's agent for service of process is the Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

16. Defendant WB Music Corp. ("WB") is a Delaware corporation. WB's agent for service of process is The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

17. Defendant Island Def Jam Music Group ("Island") is a record label, a division of UMG Recordings, Inc., and is a Delaware corporation having an address at 2100 Colorado Avenue, Santa Monica, CA 90404. Island's agent for service of process is CT Corporation, 818 W 7th St, Suite 200, Los Angeles, CA 90017.

18. Defendant Stage Three Music (U.S.), Inc. ("Stage Three") is a Delaware corporation. Stage Three's agent for service of process is The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

19. Defendant B-RHAKA Publishing ("B-RHAKA") is, upon information and belief, an entity owned and operated by defendant Heather Bright, having a principal place of business located at 2850 Ocean Park Blvd., Suite 300, Santa Monica, CA 90405-4084. B-RHAKA's

agent for service of process is United Corporate Services, Inc., 874 Walker Rd., Suite C, Dover, DE 19904.

20. Defendant Stage Three Music, LLC ("STM") is, upon information and belief, a Delaware limited liability company servable through Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

21. Defendant Please Enjoy the Music ("PEM") is, upon information and belief, an entity operated by defendant Ray Romulus, and servable through Sony/ATV Music Publishing LLC, P.O. Box 1273, Nashville, TN 37202. *See* Paragraph 9 above.

22. Defendant Products of the Street ("POS") is, upon information and belief, owned and controlled by defendant Jonathan Yip, with all rights in the works at issue controlled and administered by WB Music Corp., 75 Rockefeller Plaza, New York, NY 10019. POS's agent for service of process is CT Corporation System, 818 W. 7th Street, Los Angeles, CA 90007.

23. Defendant Sumphu is, upon information and belief, owned and controlled by defendant Jeremy Reeves, with all rights in the works at issue controlled and administered by WB Music Corp., 75 Rockefeller Plaza, New York, NY 10019. Sumphu's agent for service of process is CT Corporation System, 818 W. 7th Street, Los Angeles, CA 90007.

24. Defendant Jonetta Patton is an individual who, upon information and belief, is currently residing in the State of Georgia, who owns and operates J Pat Management, Music Artists Management Company, 3996 Pleasantdale Road, Suite 104A, Doraville, GA 30340-4200.

*Copeland v. Bieber et al.*     BYERS LAW GROUP
Case No. _____cv_____; Complaint     WWW.BYERSLAWGROUP.COM
Page 9 of 19

25. Collectively, Romulus, Yip, and Reeves work as "The Stereotypes."

## FACTS COMMON TO ALL COUNTS

26. Plaintiff Copeland, who performs under the name "De Rico," is a writer and singer in the Rhythm and Blues ("R&B") genre of music. Copeland currently holds valid copyrights on numerous songs.

27. Plaintiff Overton is a songwriter who often collaborates with Copeland on material.

28. In 2008, Plaintiffs began collaborating on a number of songs to be professionally performed and recorded by Copeland and released as an album. During that time, Plaintiffs independently composed, produced and created an original musical composition titled "Somebody to Love."

29. On or around March of 2008, Copeland recorded the song "Somebody to Love," which was included on his album "My Story II."

30. Plaintiffs applied to the U.S. Copyright Office for the rights in "My Story II," including the track "Somebody to Love."[1] On October 2, 2008, the U.S. Copyright Office issued Copeland Copyright Registration No. PAu 3-554-480, attached as Exhibit 1.

31. Copeland and Overton are, and at all relevant times have been, the owners of valid copyright in the work at issue, the song "Somebody to Love."

32. In June 2007, Copeland met Laura Jones ("Jones"), a talent and concert promoter.

---

[1] The issued registration erroneously failed to name Overton, and was issued as to the lyrics alone, despite the sound recording being deposited with the application. A Correction has been submitted to the U.S. Copyright Office.

33. In October and November 2009, Jones introduced Copeland to several individuals, including Peter Stockton ("Stockton"), Kevin Lawson ("Lawson"), and Malik Brooks of Sangreel Media ("Sangreel"). Sangreel, upon information and belief, is a company that scouts and recruits new musical artist for recording labels, such as Island, Sony, and RCA. Sangreel indicated it was interested in promoting Plaintiffs' songs.

34. Plaintiffs provided copies of their registered and recorded works, including "Somebody to Love," to Stockton, Lawson, and Brooks so that they could, in turn, provide promotional copies of the works to the recording companies they worked with in the music industry.

35. In the course of numerous conversations, Stockton, Lawson, and Brooks informed Plaintiffs that they had presented the music on "My Story II" to numerous people, including Usher Raymond IV ("Usher"). Usher is a renowned R&B recording artist and television personality with an international fan base and significant musical success. He also has extensive experience songwriting and producing music.

36. On January 5, 2009, Copeland participated in a telephone conference with Lawson and an individual who identified herself as Jonetta Patton ("Patton"), Usher's mother and on-again, off-again manager. During that telephone conference, Patton informed Copeland that both she and Usher had listened to the music on his album, including "Somebody to Love," and were interested in having Copeland re-record the album and tour with Usher that summer.

37. Sangreel never returned any of its copies of Copeland's "My Story II," and Plaintiffs heard nothing further from Patton or any other representative of Usher.

38. Without any authority or consent, Patton and Usher conspired with songwriters and producers Ray Romulus, Jonathan Yip, Jeremy Reeves (collectively known as the Stereotypes) and Heather Bright to directly copy Plaintiffs' song "Somebody to Love," intending to appropriate Plaintiffs' intellectual property as their own. Usher, who at the time was preparing to record his album "Raymond v. Raymond," recorded the infringing song as a demo track with the Stereotypes producing. Usher uploaded a video of his demo performance on the website YouTube as early as February 28, 2010.

39. Justin Bieber is an R&B performer and songwriter. Bieber, then just 13 years old, was discovered in 2008 by promoter Scooter Braun ("Braun") who first observed Bieber through a series of performance videos Bieber made and posted on the YouTube website.

40. In 2008, Braun formed a partnership, Raymond Braun Media Group ("RBMG"), with Usher who agreed to mentor Bieber. RBMG immediately signed Bieber as its first performer. Soon thereafter, Bieber signed with Island Records, which resulted in a joint venture between the label and RBMG. Bieber hired Braun as his manager and Ryan Good, a former assistant to Usher, as his road manager.

41. Usher decided not to use his infringing version of the song "Somebody to Love" on his album. At that time, Bieber was preparing to record his first full length album, My World 2.0. Upon information and belief, Usher and the Stereotypes brought the song "Somebody to Love" to Bieber.

42. Bieber agreed to record his infringing version of "Somebody to Love" with Usher performing the background vocals and the Stereotypes producing the song.

43. Bieber released his album "My World 2.0" in the spring of 2010, and it debuted at number one on the U.S. Billboard 100.

44. The Bieber version of "Somebody to Love" was included on the album, and released as the album's second single on or about April 20, 2010. The song peaked at number 15 in the U.S. Billboard charts, charted well in many other countries, and was certified platinum.

45. On June 25, 2010, Usher released an infringing version of "Somebody to Love" as a remix, with himself singing the lead vocals and Bieber performing the backup vocals.

46. In late summer of 2010, Overton heard Bieber's version of "Somebody to Love" on the radio. He immediately contacted Copeland and informed him of the song and stated that it was clearly copied from the Copeland/Overton version of "Somebody to Love." Prior to that time, neither Plaintiff was aware of the Bieber version of "Somebody to Love."

47. A comparison of Bieber's version of "Somebody to Love" with Plaintiff's copyrighted version shows the following points of congruence between the two works:

   a. Both compositions bear the same title;

   b. Both compositions share the same time signature;

   c. Both compositions have a repeating underlying Keystone Beat Pattern ("KBP," which is the underlying simplest arrangement of repeating beat-patterns in a musical piece) 2-measure rhythm pattern for the entire song;

   d. Both introductions are spoken, rather than being an instrumental or sung;

   e. Both choruses use the same hook, "I…need somebody to love";

    f. Both use one measure of strategic silence just prior to or at the beginning of the chorus;

    g. Both use a scalar 7-chord to start the chorus;

    h. Both use a scalar 4 minor 9-chord in the 2nd measure of the chorus;

    i. Both are 9 measures long for the chorus-proper;

    j. Both use the "call and response" form for the chorus-proper;

    k. Both use nearly identical time values and sequences in the first phrase of each chorus;

    l. Both use nearly identical time values and sequences in the second phrase of each chorus;

    m. Both use nearly identical timings of "call and response" entry points within a measure;

    n. Both use nearly identical timings of "call and response" exit points within a measure;

    o. The calls of both versions share nearly identical opening lyrics (with a single word difference: "just");

    p. The calls of both versions share identical order and placements of the lyrics relative to their respective time values in each measure; and

    q. The calls of both versions share identical treatments (the last word of the lyric, "love," being a two-syllable long held note).

48. In addition, a statistical analysis of (i) a 52-song sample of 2009 – 2011 Billboard "Hot 100" Songs, (ii) both versions of "Somebody to Love," (iii) Songs with Writing Credits to Justin Bieber *et al.*, and (iv) Songs with Writing Credits to the Stereotypes *et al.* reveals that:

(a) while, absent copying, there is essentially a zero probability for the number of points of congruence between the two versions of "Somebody to Love,"

(b) there is a statistically negligible occurrence of those points of congruence in either the 2009-2011 Billboard sample or in the set of songs written by the members of the team claiming authorship on the Bieber version of "Somebody to Love."

In sum, the points of congruence (the shared unique musical structures including timing, lyrics, etc.) that show Bieber's version of "Somebody to Love" to have been created from the Overton/Copeland version appear only in those two versions of the song and not in the general population of that music genre or in the other works by the purported authors of the Bieber version.

49. In addition to the multiple album and single sales, Plaintiffs' copyrighted work is also being infringed by and through sheet music sales and live concert performances. Bieber has performed the song on numerous occasions, including as a part of his set list on his "My World" Tour, which included a performance in Norfolk, Virginia, and televised appearances on the 2010 MTV Video Music Awards and on the Today show, among others.

50. Bieber is currently performing the song as part of the setlist for his ongoing "Believe" Tour.

51. Each and every Defendant, jointly and severally, have claimed rights to the Bieber and Usher versions of Plaintiffs' work, have jointly and severally infringed Plaintiffs' copyrights by and through the copying, revising, recording, performance, distribution and sales of the

infringing works, and/or conspired to infringe Plaintiffs' copyrights, and are therefore liable for the infringing acts.

52. Each and every Defendant was either directly involved in recording and/or performing the infringing works, or was directly involved in obtaining and providing Plaintiffs' copyrighted work so that the infringing activities could take place.

53. Each and every Defendant has an obvious and direct financial interest in Bieber and Usher copying, recording, and performing their infringing versions of "Somebody to Love."

54. Each and every Defendant knew of the infringing activity and, despite that knowledge, induced, caused, or materially contributed to the infringement.

55. Defendants continue to infringe Plaintiffs' copyrights, thereby unfairly profiting from such use and damaging Plaintiffs.

## COUNT I
## COPYRIGHT INFRINGEMENT

56. Plaintiffs repeat and re-allege each and every allegation of paragraphs 1 through 55 as though fully set forth herein.

57. Defendants' acts as alleged constitute copyright infringement in violation of the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*

58. Upon information and belief, by such wrongful acts, Defendants have and, unless restrained by the Court, will continue to cause serious irreparable injury and damage to Plaintiffs.

59. Plaintiffs have no adequate remedy at law, and have been damaged in an amount not less than Ten Million and 00/100 Dollars ($10,000,000.00) or other such amount as may be proven at trial.

## COUNT II
## CONTRIBUTORY INFRINGEMENT

60. Plaintiffs repeat and re allege each and every allegation of paragraphs 1 through 59 as though fully set forth herein.

61. Defendants' acts as set forth above constitute contributory infringement in that (a) there was and continues to be direct copyright infringement of Plaintiffs' work, (b) Defendants knew of the infringement, and (c) each of the Defendants materially contributed to the infringement.

62. Upon information and belief, by such wrongful acts, Defendants have and, unless restrained by the Court, will continue to cause serious irreparable injury and damage to Plaintiffs.

63. Plaintiffs have no adequate remedy at law, and have been damaged in an amount not less than Ten Million and 00/100 Dollars ($10,000,000.00) or other such amount as may be proven at trial.

## COUNT III
## VICARIOUS INFRINGEMENT

64. Plaintiffs repeat and re allege each and every allegation of paragraphs 1 through 63 as though fully set forth herein.

65. Defendants' acts as set forth above constitute vicarious infringement in that (a) Defendants possessed the right and ability to supervise the infringing conduct, and (b) Defendants have an obvious and direct financial interest in the exploitation of Plaintiffs' copyrighted materials.

66. Upon information and belief, by such wrongful acts, Defendants have and, unless restrained by the Court, will continue to cause serious irreparable injury and damage to Plaintiffs.

67. Plaintiffs have no adequate remedy at law, and have been damaged in an amount not less than Ten Million and 00/100 Dollars ($10,000,000.00) or other such amount as may be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for an Order of the Court:

68. Granting a preliminary and permanent injunction restraining Defendants, their officers, directors, principals, agents, servants, employees, successors and assigns, and all individuals acting in concert or participation with it, from infringing Plaintiffs' copyrights;

69. Ordering the termination of Defendants' copyright registrations for any and all rights claimed in the song "Somebody to Love";

70. Directing Defendants to account to Plaintiffs for any and all profits derived by Defendants from the infringed works and/or performances;

71. Granting Plaintiff a monetary judgment against Defendants for Plaintiffs' actual damages and any of Defendants' additional profits in an amount not less than Ten Million and 00/100 Dollars ($10,000,000.00) or other such amount as may be proven at trial;

72. Granting Plaintiff punitive damages against Defendants due to their willful and malicious acts in an amount to be proven at trial and in accordance with statute and/or common law;

73. Granting Plaintiff his reasonable attorneys' fees, costs, and disbursements incurred herein pursuant to 17 U.S.C. § 505 ("Remedies for infringement: Costs and attorney's fees"); and

74. Awarding Plaintiff such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff requests a trial by jury.

Date: May 1, 2013

DEVIN COPELAND and

MAREIO OVERTON

_____
Of Counsel

Duncan G. Byers, Esquire
Virginia Bar No. 48146
Jeffrey D. Wilson, Esquire
Virginia Bar No. 75734
BYERS LAW GROUP
142 W York Street, Suite 910
Norfolk, VA 23510
(757) 227-3340 Telephone
(757) 227-3341 Facsimile
*duncan.byers@byerslawgroup.com*
*jdwilson@byerslawgroup.com*
*admin@byerslawgroup.com*

*Counsel for Plaintiffs Devin Copeland and Mareio Overton*