**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

DEVIN COPELAND p/k/a DE RICO and MAREIO
OVERTON,

              Plaintiffs,

v.

JUSTIN BIEBER, USHER RAYMOND IV p/k/a
"USHER," HEATHER BRIGHT, Individually and
d/b/a B-RHAKA PUBLISHING, RAY ROMULUS
a/k/a RAYRO and d/b/a PLEASE ENJOY THE
MUSIC, JONATHAN YIP, Individually and d/b/a
PRODUCTS OF THE STREET, JEREMY REEVES,
Individually and d/b/a SUMPHU, UNIVERSAL
MUSIC CORP., SONY/ATV MUSICAL
PUBLISHING, LLC, BIEBER TIME PUBLISHING,
LLC, WB MUSIC CORP., THE ISLAND DEF JAM
MUSIC GROUP, STAGE THREE MUSIC (U.S.),
INC., STAGE THREE MUSIC, LLC AND
JONETTA PATTON,

              Defendants.

Civil Action No. 2:13-cv-246
AWA/TEM

**MEMORANDUM OF LAW IN SUPPORT OF THE UNIVERSAL MUSIC CORP. AND
DEF JAM MUSIC GROUP DEFENDANTS' MOTION TO DISMISS COMPLAINT FOR
FAILURE TO STATE A CLAIM AS A MATTER OF LAW**

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ..................................................................................................1

II.  SUMMARY OF ALLEGATIONS IN THE COMPLAINT...................................2

III. PLAINTIFFS' CLAIM FOR COPYRIGHT INFRINGEMENT FAIL AS A
     MATTER OF LAW .............................................................................................3

    A.   Infringement Of A Musical Composition Requires Substantial Similarity
          Of Protected Elements ...............................................................................7

    B.   As A Matter Of Law, Plaintiffs Cannot Satisfy *Either* The Extrinsic Or
          Intrinsic Tests For Copyright Infringement ..............................................9

        1.   The Extrinsic Test: The Works Lack Substantial Similarity in the
               Objective Elements of the Compositions....................................10

        2.   Plaintiffs' List of Alleged Similarities in the Complaint Identifies
               Only Unprotectable, Generic Elements .......................................17

        3.   The Intrinsic Test: No Listener Could Reasonably Find Plaintiffs'
               and Defendants' Songs Substantially Similar...............................19

    C.   Plaintiffs' Second Claim For Contributory Copyright Infringement And
          Third Claim For Vicarious Infringement Fail As A Matter Of Law. ....................21

        1.   Plaintiffs have not pled any facts showing contributory
               infringement...............................................................................21

        2.   Plaintiffs also fail to plead any facts demonstrating vicarious
               infringement...............................................................................22

IV.  CONCLUSION...................................................................................................22

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*Acuff-Rose Music, Inc. v. Jostens, Inc.*,
155 F.3d 140 (2d Cir. 1998)................................................................. 16

*Alberto-Culver Co. v. Andrea Dumon, Inc.*,
466 F.2d 705 (7th Cir. 1972) .............................................................. 14

*Alehouse Mgmt., Inc. v. Raleigh Ale House, Inc.*,
205 F.3d 137 (4th Cir. 2000) ................................................................ 9

*Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*,
367 F.3d 212 (4th Cir. 2004) ................................................................ 6

*Ashcroft v. Iqbal*,
556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)................. 3, 4

*Basketball Mktg. Co., Inc. v. FX Digital Media, Inc.*,
257 F. App'x 492 (3d Cir. 2007) ........................................................ 22

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)........... 4, 22, 23

*Bucklew v. Hawkins, Ash, Baptie & Co.*,
329 F.3d 923 (7th Cir. 2003) .............................................................. 19

*Cable/Home Communication Corp. v. Network Productions, Inc.*,
902 F.2d 829 (11th Cir. 1990) ............................................................ 22

*Christianson v. West Pub. Co.*,
149 F.2d 202 (9th Cir. 1945) ................................................................ 5

*CoStar Group, Inc. v. LoopNet, Inc.*,
373 F.3d 544 (4th Cir. 2004) .............................................................. 21

*Cottrill v. Spears*,
2003 WL 21223846 *10 (E.D. Pa.) ....................................... 16, 18, 19

*Damiano v. Sony Music Entertainment, Inc.*,
975 F.Supp. 623 (D.N.J. 1997) .......................................................... 20

*Eaton v. NBC*,
972 F.Supp. 1019 (E.D. Va. 1997) ..................................................... 11

*Feist Publ., Inc. v. Rural Tel. Serv. Co.*,
499 U.S. 340 (1991) ....................................................................... 8, 15

*Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*,
443 F.2d 1159 (2d Cir.1971)..................................................................... 22

*Hobbs v. John*,
2012 WL 5342321 (N.D. Ill.) .......................................................... 14, 19

*Incredible Tech., Inc. v. Virtual Tech., Inc.*,
400 F.3d 1007 (7th Cir. 2005) ................................................................ 9

*Intersong-USA v. CBS, Inc.*,
757 F.Supp. 274 (S.D.N.Y. 1991) ..................................................... 18, 19

*Jacobsen v. Deseret Book Co.*,
287 F.3d 936 (10th Cir. 2002) ......................................................... 10, 17

*Johnson v. Gordon*,
409 F.3d 12 (1st Cir. 2005) ......................................................... passim

*Jorgensen v. Epic/Sony Records*,
351 F.3d 46 (2d Cir. 2003).................................................................... 9

*Life Music, Inc. v. Wonderland Music Co.*,
241 F.Supp. 653 (S.D.N.Y. 1965) ....................................................... 20

*McRae v. Smith*,
968 F.Supp. 559 (D. Colo. 1997) ....................................................... 16

*Nelson v. PRN Prods., Inc.*,
873 F.2d 1141 (8th Cir. 1989) .............................................................. 4

*NelsonSabales, Inc. v. Morningside Dev., LLC*,
284 F.3d 505 (4th Cir. 2002) ............................................................. 22

*Northern Music Corp. v. King Record Distr. Co.*,
105 F.Supp. 393 (S.D.N.Y. 1952) ................................................... 11, 18

*Peter F. Gaito Archit., LLC v. Simone Dev. Corp.*,
602 F.3d 57 (2d Cir. 2010).......................................................... passim

*Peter Pan Fabrics, Inc. v. Martin Weiner Corp*,
274 F.2d 487 (2d Cir. 1960)................................................................ 10

*Peters v. West*,
692 F.3d 629 (7th Cir. 2012) .......................................................... 4, 16

*Phillips v. LCI Int'l Inc.*,
190 F.3d 609 (4th Cir.1999) ................................................................ 6

*Pyatt v. Raymond IV*,
2011 WL 2078531 *5 (S.D.N.Y.)............................................. 7, 14, 17, 18

*Rothman v. Gregor*,
220 F.3d 81 (2d Cir. 2000)................................................................. 6

*Scratchborneo v. Arc Music Corp.*,
    357 F.Supp. 1393 (S.D.N.Y. 1973) ................................ 15

*Secretary of State for Defence v. Trimble Navigation Ltd.*,
    484 F.3d 700 (4th Cir. 2007) .................................. 6, 15

*Tessler v. NBC Universal, Inc.*,
    2009 WL 866834 *3 (E.D. Va. 2009),
    *aff'd*, 364 F. App'x 5 (4th Cir. Feb. 4, 2010) (Jackson, J.)...................................... 4, 7, 19

*Tisi v. Patrick*,
    97 F.Supp.2d 539 ................................................ 19

*U–Haul Intern., Inc. v. WhenU.com, Inc.*,
    279 F.Supp.2d 723 (E.D.Va.2003) .............................. 22

*United States v. Mariscal*,
    285 F.3d 1127 (9th Cir. 2002) ................................ 15

*Universal Furniture Intern., Inc. v. Collezione Europa USA, Inc.*,
    618 F.3d 417 (4th Cir. 2010) ............................... 8, 10, 20

*Wihtol v. Wells*,
    231 F.2d 550 (7th Cir. 1956) ................................. 17

*Zella v. E.W. Scripps Co.*,
    529 F.Supp.2d 1124 (C.D. Cal. 2007) ........................... 5

## FEDERAL STATUTES

Federal Rule of Civil Procedure 12(b)(6) ............................................. passim

Federal Rule of Evidence 201(b) ........................................................ 15

## TREATISES

3-12 Nimmer on Copyright
    § 12.10................................................................. 10

## I. __INTRODUCTION__

Defendants Universal Music Corp. and The Island Def Jam Music Group, a division of UMG Recordings Inc. (incorrectly named as "Island Def Jam Music Group") ("Defendants") move to dismiss Plaintiffs' Complaint in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because Plaintiffs Devin Copeland and Mareio Overton's ("Plaintiffs") copyright claims fail as a matter of law.

Plaintiffs allege that their song, "Somebody To Love," and the song, "Somebody To Love," performed by Justin Bieber, are substantially similar.  Plaintiffs' claims are specious, as will be demonstrated once the Court conducts its own evaluation.  Indeed, it is well-established in federal copyright jurisprudence that the Court must not accept Plaintiffs' legal conclusions and conclusory allegations of similarity as fact.  Instead, the Court must examine the works themselves to assess whether a reasonable jury could find them to be substantially similar. Simply put, there is no similarity between the two songs, except for the use of a common, unprotectible phrase in the choruses.  Even a cursory review of the melody and lyrics of Plaintiffs' and Defendants' songs demonstrates that there are <u>no</u> protectible similarities between the two works.  Both songs use the indisputably common phrase, "I need somebody to love," but the similarities end there.  It is well-established that the shared use of this type of common phrase cannot properly form the basis for an action for copyright infringement.  This conclusion is especially bolstered in this case given the numerous prior songs that have specifically used the same phrase (or similar variants) – most notably, the iconic songs from Jefferson Airplane and Queen of the same name.  Accordingly, Plaintiffs' copyright claims (including their claims for indirect liability under the theories of contributory and vicarious infringement) fail because they cannot establish substantial similarity as a matter of law.

## II.  SUMMARY OF ALLEGATIONS IN THE COMPLAINT

Plaintiffs allege they produced and composed a song entitled "Somebody to Love" in 2008, which was recorded by Copeland and included on his album, "My Story II."  (Compl., ¶¶ 28-30.)  Plaintiffs allege that Copeland obtained a copyright registration in the lyrics that same year, and later submitted a corrected registration naming Overton and including the sound recording for the song.  (*Id.*, ¶ 30.)  Copeland claims he met a third-party promoter named Laura Jones, who introduced Copeland to third-parties Peter Stockton, Kevin Lawson ("Lawson"), and Malik Brooks of Sangreel Media ("Sangreel").  (*Id.*, ¶¶ 32-33.)  Plaintiffs allege they were "informed" that Sangreel provided copies of their works, including "Somebody to Love," to defendant Usher Raymond IV ("Usher"), a renowned R&B artist and television personality.  (*Id.*, ¶ 34.)

Copeland claims he participated in a telephone conversation on January 5, 2009 with Lawson and a person who claimed to be Usher's mother and "on-again, off-again manager," defendant Jonetta Patton, and that this individual said that both she and Usher listened to Copeland's album and were interested in having him re-record it and tour with Usher.  (Compl., ¶ 37.)  Plaintiffs claim their music was never returned by Sangreel and neither Usher nor Patton further contacted them.[1]  (*Id.*, ¶ 36.)

Plaintiffs allege that Usher, Patton, the producers known as "the Stereotypes, defendants Ray Romulus, Jonathan Yip, and Jeremy Reeves, and defendant and songwriter Heather Bright somehow conspired to copy Plaintiffs' song.  (*Id.*, ¶ 38.)  Plaintiffs allege that Usher and the

---

[1] Defendants accept Plaintiffs' allegations of access to their work as true, as they must, because they are irrelevant to the Court's analysis on substantial similarities as a matter of law. However, as Plaintiffs' allegations present the proverbial "parade of hypotheticals" that the Supreme Court has determined are not sufficient under *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1951, 173 L.Ed.2d 868 (2009), Defendants reserve the right to challenge Plaintiffs' fanciful allegations at the appropriate time.

Stereotypes brought the allegedly infringing version of "Somebody to Love" to Bieber, who agreed to record it. (*Id.*, ¶ 42.) Plaintiffs allege that both Bieber and Usher have released infringing versions of the song, and that there are a number of similarities between Plaintiffs' song and the Usher/Bieber version. (*Id.*, ¶¶ 43-48.) Plaintiffs allege that Defendants have infringed their copyright, and set forth claims for Copyright Infringement (Count I), Contributory Infringement (Count II), and Vicarious Infringement (Count III). (Compl., ¶¶ 49-67.)

## III. <u>PLAINTIFFS' CLAIM FOR COPYRIGHT INFRINGEMENT FAIL AS A MATTER OF LAW</u>

A complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if a plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555. In considering a motion to dismiss, the Court accepts well-pleaded facts as true, but not legal conclusions or conclusory allegations that merely recite a claim's elements. *See Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1951, 173 L.Ed.2d 868 (2009). "[L]abels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" are insufficient to state a cognizable claim. *Twombly*, 550 U.S. at 555. It is now settled that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice .... [Rule 8] does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal,* 556 U.S. at 678-79.

Federal courts have not hesitated to dispose of copyright claims on Rule 12(b)(6) motions where the allegedly infringing work is not "substantially similar" to the plaintiff's work as a matter of law. *See Tessler v. NBC Universal, Inc.*, 2009 WL 866834 *3-6 (E.D. Va. 2009), *aff'd,*

364 F. App'x 5 (4th Cir. Feb. 4, 2010) (Jackson, J.) (dismissing copyright claim on Rule 12(b)(6) motion for lack of substantial similarity); *see also Peters v. West*, 692 F.3d 629, 636 (7th Cir. 2012) (affirming 12(b)(6) dismissal of claim for infringement of music composition); *Nelson v. PRN Prods., Inc.*, 873 F.2d 1141, 1143-1144 (8th Cir. 1989) (holding that "reasonable minds could not differ as to the absence of substantial similarity" and thus that the "trial judge could properly determine the matter of substantial similarity as a matter of law and did so by granting defendants' motion to dismiss"); *Christianson v. West Pub. Co.*, 149 F.2d 202, 203 (9th Cir. 1945) ("There is ample authority for holding that when the copyrighted work and the alleged infringement are both before the court, capable of examination and comparison, non-infringement can be determined on a motion to dismiss."); *Zella v. E.W. Scripps Co.*, 529 F.Supp.2d 1124, 1130 (C.D. Cal. 2007) (citing cases and noting that "[f]or fifty years, courts have followed this rather obvious principle and dismissed copyright claims that fail from the face of the complaint (and in light of all matters properly considered on a motion to dismiss)").

"The question of substantial similarity is by no means exclusively reserved for resolution by a jury . . . and we have repeatedly recognized that, in certain circumstances, it is entirely appropriate for a district court to resolve that question as a matter of law, 'either because the similarity between two works concerns only non-copyrightable elements of the plaintiff's work, or because no reasonable jury, properly instructed, could find that the two works are substantially similar.'" *Peter F. Gaito Archit., LLC v. Simone Dev. Corp.*, 602 F.3d 57, 63 (2d Cir. 2010) (citation omitted). "The same principles hold true," the Court found, "when a defendant raises the question of substantial similarity at the pleadings stage on a motion to dismiss." *Id.* at 64. Indeed, "[w]hen a court is called upon to consider whether [two] works are substantially similar,

no discovery or fact-finding is typically necessary, because 'what is required is only a visual [or oral] comparison of the works." *Id.*

Importantly, a district court is <u>not</u> constrained to the four corners of the complaint when judging substantial similarity at the pleadings stage. "Although as a general rule extrinsic evidence should not be considered at the 12(b)(6) stage, we have held that when a defendant attaches a document to its motion to dismiss, 'a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity.'" *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (quoting *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir.1999)). "In reviewing the dismissal of a complaint under Rule 12(b)(6)," courts can "properly take judicial notice of matters of public record." *Secretary of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

Courts can consider "any documents incorporated in the complaint by reference" (*Peter F. Gaito*, 602 F.3d at 64) such as documents which are not attached to the complaint but "are integral to the complaint and authentic." *Trimble Navigation*, 484 F.3d at 705; *see also Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) (holding that "documents that the plaintiffs either possessed or knew about and upon which they relied in bringing suit" can be considered on a motion to dismiss). As explained by the Fourth Circuit, these exceptions to the general rule reflect that "the primary problem raised by looking to documents outside the complaint—lack of notice to the plaintiff—is dissipated '[w]here plaintiff has actual notice . . . and has relied upon these documents in framing the complaint.'" *Am. Chiropractic*, 367 F.3d at 234 (citation omitted).

In support of this motion, Defendants herewith submit sound recordings of the parties' respective compositions, as well as written copies of the lyrics. (Declaration of Jeremiah Reynolds ("Reynolds Decl."), Exhs. A-D.) Although these materials were not attached to Plaintiffs' Complaint, they are expressly referred to in the Complaint (see Complaint at ¶¶ 29-31 (Plaintiffs' composition), and ¶¶ 42-43 (Defendants' composition)) and are properly considered by the Court on a motion to dismiss. The decision in *Tessler* (E.D. Va.) is particularly instructive.

In *Tessler*, after comparing the respective works as part of a motion to dismiss, the magistrate judge issued a report and recommendation that the plaintiff's copyright claim be dismissed for lack of substantial similarity. The plaintiff contested "the Magistrate Judge's finding that the Court had authority to review and compare the copyrighted and alleged infringing works for the purpose of deciding" a motion to dismiss. 2009 WL 866834 *3. The district court disagreed, holding that it could consider all documents attached to or referenced by the complaint. *Id.* This included "material posted on the MSNBC.com website" because the complaint contained allegations "incorporating the content found on such website by reference and bringing it within the scope of the pleadings." *Id.* In reaching this decision, Judge Jackson also held that materials submitted and authenticated by the moving party were "appropriately considered because they are incorporated by reference, integral to Plaintiff's complaint, and authentic..." and appropriately considered under Fourth Circuit law. *Id.*; *see also Pyatt v. Raymond IV*, 2011 WL 2078531 *5 (S.D.N.Y.) (holding, in dismissing claim for infringement of musical composition, that "[a]lthough Plaintiffs did not attach the works at issue to the Complaint, the Court may nonetheless consider them because they were clearly relied on by Plaintiffs in commencing this suit").

Here, as in *Tessler* and *Pyatt*, Plaintiffs' complaint expressly refers to and incorporates the allegedly infringed and infringing songs by reference, identifying Plaintiffs' composition as the recording of "Somebody to Love" on the album "My Story II," and identifying Defendants' allegedly infringing composition as the recording of "Somebody to Love" on the Bieber album "My World 2.0." Compl. ¶¶ 30, 43-44. Plaintiffs' allegations of infringement are predicated on the recordings and lyrics of these compositions. *See, e.g.*, Compl. ¶ 47. Further, the authenticity of these materials is not disputable and, therefore, they are properly considered in assessing substantial similarity at the pleading stage.[2]

### A.    Infringement Of A Musical Composition Requires Substantial Similarity Of Protected Elements

To prevail on its claim for copyright infringement, Plaintiffs "must establish 'ownership of the copyright by the plaintiff and copying by the defendant.'" *Universal Furniture Intern., Inc. v. Collezione Europa USA, Inc.*, 618 F.3d 417, 428 (4th Cir. 2010) (citation omitted). Paragraph 30 alleges that Plaintiffs own a registered copyright to the composition contained in their recording of "Somebody to Love," Compl. ¶ 30, and that allegation must be accepted as true on this motion. Paragraph 38 also alleges that certain Defendants "conspired . . . to directly copy Plaintiffs' song 'Somebody to Love.'" Despite these allegations, Plaintiffs have still not pled a viable claim for copyright infringement.

Copyright law does not protect against the copying of ideas; rather, it protects only the copying of *original expressions* of an idea. As explained by the U.S. Supreme Court: "Not all

---

[2] Plaintiffs' counsel provided the lyrics for their composition, (Reynolds Decl., ¶ 5, Ex. D) and Defendants obtained the official copy of Plaintiffs' sound recording that was submitted to the United States Copyright Office by Plaintiffs. (*Id.*, ¶ 4, Ex. C.) As to the allegedly infringing song, Defendants have provided the exact recording from the "My World 2.0" album that is referenced in the complaint, along with the official lyrics to that version of Bieber's song. (*Id.*, Exs. A, B.)

copying . . . is copyright infringement." *Feist Publ., Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *see also Johnson v. Gordon*, 409 F.3d 12, 17-18 (1st Cir. 2005) ("[I]t is important to note that copying does not invariably constitute copyright infringement . . . ."). "[C]opyright protection may extend only to those components of a work that are original to the author," *Feist*, 499 U.S. at 348, and thus to prove infringement, the plaintiff must prove the "copying of constituent elements of the work that are original." *Id.* at 361[3]; *see also Alehouse Mgmt., Inc. v. Raleigh Ale House, Inc.*, 205 F.3d 137, 143 (4th Cir. 2000) (affirming summary judgment on claim of infringement of copyrighted architectural plans where a comparison of the plans "shows, at most, the imitation of an idea or a concept, but not a copying of the plans themselves"); *Incredible Tech., Inc. v. Virtual Tech., Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005) (holding that "the copyright laws preclude appropriation of only those elements of the work that are protected by the copyright").

Accordingly, "[p]roof of wrongful copying is a two-step process." *Johnson*, 409 F.3d at 18. First, the plaintiff must show that, "as a factual matter, the defendant copied the plaintiff's copyrighted material." *Id.* "Second, the plaintiff must establish that the copying is actionable by 'prov[ing] that the copying of the copyrighted material was so extensive that it rendered the infringing and copyrighted works 'substantially similar.'" *Id.*; *see also Incredible Tech.* 400 F.3d at 1011 (7th Cir. 2005) (finding that actual copying was "pretty clear" but that court had to address "second question" of whether "the defendant unlawfully appropriated the plaintiff's protectible expression by taking material of substance and value"); *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 51 (2d Cir. 2003) ("To satisfy the second element of an infringement claim—the 'unauthorized copying' element—a plaintiff must show both that his work was

---

[3] All emphasis added unless otherwise stated.

'actually copied' <u>and</u> that the portion copied amounts to an 'improper or unlawful appropriation.'").

In the Fourth Circuit, the question of whether there has been an improper appropriation of protected expression is divided into extrinsic and intrinsic components:

> Substantial similarity is a two-prong test. The plaintiff must show that the two works are (1) 'extrinsically similar because they contain substantially similar ideas that are subject to copyright protection' and (2) 'intrinsically similar in the sense that they express those ideas in a substantially similar manner from the perspective of the intended audience of the work.'

*Universal Furniture*, 618 F.3d at 435 (citation omitted)

"The extrinsic analysis looks to 'external criteria' of 'substantial similarities in both ideas and expression.'" *Id.* at 435-436 (citation omitted). "In assessing intrinsic similarity, the factfinder looks to the 'total concept and feel of the works, but <u>only</u> as seen through the eyes of the . . . intended audience of the plaintiff's work.'" *Id.* at 436 (citation omitted; emphasis added). Historically, this intrinsic test has been "phrased . . . as whether 'the ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard their aesthetic appeal as the same.'" *Id.* (quoting *Peter Pan Fabrics, Inc. v. Martin Weiner Corp*, 274 F.2d 487, 489 (2d Cir. 1960)).

**B.      As A Matter Of Law, Plaintiffs Cannot Satisfy *Either* The Extrinsic Or Intrinsic Tests For Copyright Infringement**

The allegations in the Complaint that Plaintiffs' Song and Defendants' Song are substantially similar are irrelevant and must be disregarded by the Court. The law is clear that in reviewing a copyright infringement claim on a motion to dismiss or motion for summary judgment, "the works themselves supersede and control contrary descriptions of them," including "any contrary allegations, conclusions or descriptions of the works contained in the pleadings." *Peter F. Gaito*, 602 F.3d at 64 (quoting 3-12 Nimmer on Copyright § 12.10).

"When a district court considers the original work and the allegedly copyrighted work in deciding a 12(b)(6) motion, the legal effect of the works are determined by the works themselves rather than by the allegations in the complaint." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941-942 (10th Cir. 2002). In short, the Court's own eyes and ears control, not Plaintiffs' self-serving claims of similarity.

Defendants submit that once the Court listens to the recordings of the parties' compositions and compares their lyrics side-by-side, it will be immediately and overwhelmingly obvious that Plaintiffs' and Defendants' songs are entirely dissimilar, except for the use of the unprotectible, common phrase, "I need somebody to love" in their respective choruses. Although this phrase was not appropriated from Plaintiffs, federal courts have held time and time again, in cases perfectly analogous to this one, that this is not an appropriation of protected expression and not copyright infringement.

### 1. The Extrinsic Test: The Works Lack Substantial Similarity in the Objective Elements of the Compositions

Here, as in *Eaton v. NBC*, 972 F.Supp. 1019, 1026 (E.D. Va. 1997), a comparison of the objective elements of the parties' songs "instantly discloses significant substantial differences between [them], so much so that no reasonable jury, properly instructed, could find that the objective, copyrightable elements [of each] are substantially similar."

In music plagiarism cases, melody is paramount. "It is in the melody of the composition or the arrangement of notes or tones that originality must be found." *Northern Music Corp. v. King Record Distr. Co.*, 105 F.Supp. 393, 400 (S.D.N.Y. 1952). This "arrangement or succession of musical notes . . . are the finger prints of the composition, and establish its identity." *Id.* And yet, in listening to Plaintiffs' and Defendants' songs, it is apparent that there

are <u>no</u> similarities in the melodies of the two works.  Plaintiffs <u>concede</u> as much.  Paragraph 47 of the Complaint identifies several purported similarities between the songs, but no mention is made of their melodies.

Song lyrics are likewise critical, but here too, there is no substantial similarity between Plaintiffs' and Defendants' songs.  The Complaint alleges: "Both choruses use the same hook, 'I . . . need somebody to love."  Compl. ¶ 47(e).  But this is the <u>only</u> similarity in the lyrics, as shown below:

| SOMEBODY TO LOVE Written by: Devin "DeRico" Copeland | SOMEBODY TO LOVE Written by: Justin Bieber, Heather Bright, Ray Romulus, Jonathan Yip, and Jeremy Reeves |
|---|---|

INTRO:

Thought we was forever,

I guess I gotta accept the consequences that Life throws at me…

VERSE:

Can't believe I'm upset with you,

don't wanna have to say this—we're through.

I thought I had the best thing in the world.

You  seem to wanna go and do your thing.

Guess I gotta let you do you.

No need for me to keep you in this bond.

So you can go….

don't wait ….

No need for you to take up my space.

I'm on the way to find someone for me.

It's not right, I know.

I've gotta go.

Don't want you here if u are not happy…..


Chorus:

I NEED SOMEBODY TO LOVE……..

I NEED SOMEBODY TO LOVE……..

CAUSE I KEEP GOIN THROUGH THE SAME OLD THINGS

SOMEBODY TO LOVE….

CAUSE I KEEP GOIN THROUGH THE

For you I'd write a symphony

I'd tell the violins, it's time to sink or swim... Watch 'em play for you.

For you I'd be runnin' a thousand miles... Just to get where you are

Step to the beat of my heart.

I don't need a whole lot coming from you I admit

I'd rather give you the world or we can share mine.

I know I won't be the first one giving you all this attention.

But baby listen


I  just need somebody to love

I don't need too much... Just somebody to love

Somebody to love

I don't need nothing else... I promise... Girl I swear

I just need somebody to love.

(I need somebody… I, I need somebody)

(I need somebody... I, I need somebody to love)


Everyday I'll bring the sun around...

I'll sweep away the clouds... Smile for me, smile for me.

I would take every second, every single time, spend it like my last dime.

| | |
|---|---|
| SAME OLD THINGS<br><br>VERSE 2:<br><br>It's a rap,<br><br>Going back<br><br>Into the game—things ain't the same no more.<br><br>On the move,<br><br>And we're through,<br><br>So glad I broke up with you.<br><br>Does it hurt?<br><br>No way ….. Can't believe I wanted to stay<br><br>With you …so blue…and stupid of me to<br><br>See it was no romance and we don't live in France<br><br>There's no love around floating in the air ….<br><br>So you can go….don't | You could have it all<br><br>Anything you want I can bring... Give you the finer things yeah.<br><br>But what I really want<br><br>I can't find cause money can't buy me somebody to love. |

Just like ideas, copyright law does not protect common phrases. The case law is legion with decisions rejecting that the appropriation of a short phrase such as "I need somebody to love" – particularly one that is cliché and common in prior songs – amounts to substantial similarity.

The First Circuit rejected an identical claim in *Johnson*, where the plaintiff alleged substantial similarity in two songs' use of the phrase "You're the One for Me":

> In his unrelenting effort to establish copyright infringement, the plaintiff clings to the one undeniable similarity between the two songs: the use of the phrase "You're the One for Me" in the title and lyrics of each song. While this usage is similar, it is also common. The record reflects, as does the United States Copyright Office's Registered Works Database, that hundreds of composers have registered songs capturing the same sentiment in the same verbiage. It is thus readily apparent that this lyric is too trite to warrant copyright protection.

*Johnson*, 409 F.3d at 24.

Likewise, the court in *Pyatt* rejected that pop star Usher's use of a short, repeating phrase in his song "Caught Up" was substantially similar to a prior composition of the same name:

> The only similarity between the songs is the phrase "caught up," which also serves as the title of both songs and is spoken repeatedly by the narrator in both songs. The phrase "caught up," however, is used commonly in everyday speech . . . . [and] [c]ommon phrases are not subject to copyright protection.

2011 WL 2078531 *8 (inner quotations and citation omitted).

Similarly, the court in *Hobbs v. John*, 2012 WL 5342321 (N.D. Ill.) granted a 12(b)(6) motion to dismiss a claim alleging that the lyrics to Elton John's "Nikita" infringed the lyrics of the plaintiff's song "Natasha." The Court noted that in the "hook" of each song, the "title/women's names are each repeated four times and then the names are combined with the phrases 'you'll never know,' 'you will never know,' 'to hold you,' and 'I need you.'" *Id.* *6. The Court held that the two works were not substantially similar as a matter of law, finding that the phrases at issue "are commonly used in musical lyrics" and reiterating the established rule that "short phrases that do not express an 'appreciable amount of original text' are not subject to copyright protection." *Id.* (quoting *Alberto-Culver Co. v. Andrea Dumon, Inc.*, 466 F.2d 705, 711 (7th Cir. 1972); *see also Scratchborneo v. Arc Music Corp.*, 357 F.Supp. 1393, 1404 (S.D.N.Y. 1973) ("Nor will substantial similarity be found if only a small, common phrase appears in both the accused and complaining songs; unless the reappearing phrase is especially unique or qualitatively important, there is no basis for inferring copying.").

The phrases "somebody to love" and "I . . . need somebody to love" are common, short phrases. As a matter of law, they do not contain the "appreciable amount of original expression" necessary to protect them under copyright law. Even accepting as true for purposes of a 12(b)(6) motion that Defendants copied this unoriginal phrase from Plaintiffs' song, it was "free for the taking,"[4] *Feist*, 499 U.S. at 349, and this shared lyric does not constitute substantial similarity. *See id.*

This is all the more true given that the phrase "I need somebody to love" exists in the "prior art" of music compositions, separate and apart from it being a common English phrase. Music group "Jefferson Airplane" released the iconic song "Somebody to Love" decades ago, in which the chorus uses repeating variations of the phrase "somebody to love."[5] http://www.metrolyrics.com/somebody-to-love-lyrics-jefferson-airplane.html. Rock group "Queen" released their song "Somebody to Love" decades ago, and it too repeats the phrase "somebody to love" in the chorus and outro. http://www.metrolyrics.com/somebody-to-love-lyrics-queen.html. The fact that "somebody to love" is not just a common phrase, but has also been used in the titles and lyrics of prior music compositions, is fatal to Plaintiffs' claim of substantial similarity.[6] *See Peters*, 692 F.3d at 635 (affirming dismissal of infringement claim

---

[4] Needless to say, Defendants vehemently deny that Plaintiffs' lyric was the inspiration for Defendants' song, but for purposes of a 12(b)(6) motion, this allegation must be assumed true.

[5] The existence and lyrics of these historic songs are not reasonably disputed, and so the Court can take judicial notice of these works and consider them in connection with this motion. Fed. R. Evid. 201(b); *Trimble Navigation*, 484 F.3d at 705; *United States v. Mariscal*, 285 F.3d 1127, 1131 (9th Cir. 2002).

[6] Just as the sentiment is a common one, the song title is ubiquitous. The Court may take judicial notice of no less than six (6) prior songs with the same popular title as noted by Wikipedia. *See, e.g.,* "Somebody to Love" (Jefferson Airplane song), 1967; "Somebody to Love" (Queen song), 1976; "Somebody to Love" (Suzy Bogguss song), 1998; "Somebody to Love", a song by Chris Isaak from the album *Always Got Tonight*, 2006; "Somebody to Love", a song by

against Kanye West where the phrase "what does not kill me, makes me stronger" was "repeatedly invoked in song lyrics over the past century," and holding: "The ubiquity of this common saying, together with its repeated use in other songs, suggests that West's title and lyric do not infringe . . . ."); *Cottrill v. Spears*, 2003 WL 21223846 *10 (E.D. Pa.) (granting summary judgment regarding use of the same title and lyric "what you see is what you get" and holding: "[w]hile the titles of the songs and use of the lyric phrase are the same, this similarity is not probative of copying as the phrase is a cliché and can be found in prior art."); *Acuff-Rose Music, Inc. v. Jostens, Inc.*, 155 F.3d 140, 143-144 (2d Cir. 1998) (finding that the lyric "You've got to stand for somethin'/Or you're gonna fall for anything" "lacked the requisite originality to warrant protection" because of its "widespread popular usage"); *McRae v. Smith*, 968 F.Supp. 559, 566 (D. Colo. 1997) (granting summary judgment where the "lyrics of the songs have only six words in common—'every minute, every hour and every day,'" which were "not unique or original to plaintiff" and had "appear[ed] in at least 8 songs that predate the songs at issue").

Apart from the melody and lyrics, there are numerous other material differences between the parties' compositions. Most notable to the listener, the songs differ greatly in their style and feel. Defendants' song, which is in the pop music genre, is an upbeat, electronic dance song. Plaintiffs' song, in contrast, is in the R&B genre and has a more melancholy feel in comparison to Defendants' work. The differences in the styles and moods of Plaintiffs' and Defendants' works further compel a finding that there is no substantial similarity as a matter of law. *See Pyatt*, 2011 WL 2078531 *9 (relying on fact that the "musical motifs [were] extremely dissimilar" as between the plaintiff's and defendants' works: the plaintiffs' song took "strong

---

Nelly Furtado from *Loose*, 2006; and "Somebody to Love" (Leighton Meester song), 2009; http://en.wikipedia.org/wiki/Somebody_to_Love. Even more significantly, an online search of the Copyright Office records *reveals over 300 works* with "Somebody to Love" as a title incorporated in musical and other works.

influence from Jamaican dancehall and hip hop," whereas "Usher's song is R&B with unmistakable Motown influences;" and in addition, "Usher's song has a fast, steady beat when compared to Pyatt's song, which has a slower, more languid, beat").

### 2. Plaintiffs' List of Alleged Similarities in the Complaint Identifies Only Unprotectable, Generic Elements

Plaintiffs cannot dispute, and the Complaint does not dispute in its allegations, that Plaintiffs' and Defendants' have different melodies and lyrics, with different styles, moods, and tempos. In other words, the Complaint cannot and does not dispute that these songs sound nothing alike. Instead, as was true in all of the cases cited above in which infringement claims were disposed of by Rule 12(b)(6) motion, Plaintiffs cling to supposed similarities in various generic features of the songs that are not copyrightable, and which do not result in the songs sounding similar (let alone substantially similar).

It should be noted that the Court is not bound by Plaintiffs' allegations of similarities; the songs speak for themselves. *See Peter F. Gaito*, *supra*, 602 F.3d at 64; *Jacobsen*, 287 F.3d at 941-942. In any event, the similarities alleged by Plaintiffs concern unprotectible elements of their song.

Plaintiffs allege, for example, that "[b]oth compositions bear the same title." Compl. ¶ 47(a). Courts have consistently held, however, that titles are not protectible under copyright. *See Wihtol v. Wells*, 231 F.2d 550, 553 (7th Cir. 1956) ("We agree that the title [of a copyrighted song], in itself, is not subject to copyright protections."); *see also Johnson*, 409 F.3d at 24 (rejecting that shared usage of "You're the One for Me" in title supported finding of infringement; *Pyatt*, 2011 WL 2078531 *8 (same as to title "Caught Up"); *Cottrill*, 2003 WL 21223846 * 10 (same as to title "What You See is What You Get").

Plaintiffs allege that the parties' songs have the same "time signature"—to wit, they are in 4/4 time, in which there are four bears per measure.  (Compl. ¶ 47(b).)  This is an unprotected, unoriginal element of a musical composition.  *See, e.g., Cottrill*, 2003 WL 21223846 *9 (describing "4/4 time" as a "basic musical element" which was "characteristic" to pop music).

Plaintiffs likewise cite a supposed similar "rhythm pattern" between the songs—claiming each uses a "keystone beat" pattern that repeats.  (Compl. ¶ 47(b)-(c).)  To the contrary, the Court will discern no meaningful similarities in the rhythm patterns of the songs upon listening to them (slower, syncopated beat of plaintiffs' work versus up-tempo, steady dance beat of the accused work).  Any similarity that exists would not be discernible by the "intended audience" of the songs from whose perspective substantial similarity is adjudged.  Regardless, it is axiomatic that rhythm patterns are <u>unprotected</u> under copyright law as lacking in originality.  *See Intersong-USA v. CBS, Inc.*, 757 F.Supp. 274, 282 (S.D.N.Y. 1991) (listing "eighth note rhythm" as among the "common elements . . . found in many other well-known songs" and, as such, "ordinary, unprotectible expression"); *Northern Music*, 105 F.Supp. at 400 (noting that "originality of rhythm is a rarity, if not an impossibility").

Plaintiffs also cite two alleged similarities in the harmonic progressions of the song: "Both use a scalar 7-chord to start the chorus" and "Both use a scalar 4 minor 9-chord in the second measure of the chorus."  Compl. ¶¶ 47(g)-(h).  Again, courts have uniformly rejected that similar chord progressions indicate substantial similarity, as there are a finite number of chords, and these chord choices have existed since the beginning of modern music.  *See Cottrill*, 2003 WL 21223846 *9 (rejecting that songs were substantially similar based on fact that "both verses end and begin with an A minor chord"); *Johnson*, 409 F.3d at 23 (describing a "III, II harmonic progression" as a "stereotypical building block of musical composition" that "lacks originality"

and "is unprotectable"); *Tisi v. Patrick*, 97 F.Supp.2d 539, 548-549 (granting summary judgment and holding that a "I-V chord progression" was "not copyrightable as a matter of law"); *Intersong*, 757 F.Supp. at 282 (describing songs' "use of a certain harmonic progression" as "'scenes a faire,' or ordinary, unprotectible expression").

Even taking Plaintiffs' allegations of these, and other unprotectible similarities (e.g., use of commonplace "call and response" structure) at face value, "the various components and features that defendants allegedly misappropriated are generalized concepts and ideas." *Peter F. Gaito*, 602 F.3d at 68. A plaintiff "can't prove infringement by pointing to features of his work that are found in the defendant's work as well but that are so rudimentary, commonplace, standard or unavoidable that they do not serve to distinguish one's work within a class of works from another." *Hobbs*, 2012 WL 5342321 *5 (quoting *Bucklew v. Hawkins, Ash, Baptie & Co.*, 329 F.3d 923, 929 (7th Cir. 2003)). That is precisely what Plaintiffs attempt to do here. *See Tessler v. NBC Universal, Inc.*, 2009 WL 866834 *5 ( "There is no copyright in the ideas and themes that Plaintiff seeks to protect.")

### 3. The Intrinsic Test: No Listener Could Reasonably Find Plaintiffs' and Defendants' Songs Substantially Similar

Any lingering question as to whether Plaintiffs have identified genuine similarities between Defendants' song and the copyrightable elements of their own song is answered by simply listening to the music. The Court must be guided by its "good eyes and common sense," or, in this case, its good ears and common sense. *Peter F. Gaito*, 602 F.3d at 66. Even were all of the allegations in Paragraph 47 of the Complaint correct—they are not—Plaintiffs cannot escape the indisputable fact that the intended audience for these works would <u>not</u> "regard their aesthetic appeal as the same" as required to find substantial similarity under the intrinsic test.

*Universal Furniture*, 618 F.3d at 436.  The district court's comments in *Damiano v. Sony Music Entertainment, Inc.*, 975 F.Supp. 623, 631 (D.N.J. 1997) fit nicely here:

> To the ear of this court, there is no substantial similarity in the structure, instrumentation or melody of the two songs.  These songs "speak" for themselves and no reasonable factfinder could find substantial similarity . . . . The overall effect of the two pieces is quite dissimilar—<u>put simply, they just don't sound alike</u>.  (Emphasis added.)

The case of *Life Music, Inc. v. Wonderland Music Co.*, 241 F.Supp. 653 (S.D.N.Y. 1965) is highly analogous to the instant case.  The plaintiff there sought a preliminary injunction in a case alleging that the defendant's song "Supercalifragilisticexpialidocious" infringed the plaintiffs' song "Supercalafajalistickespeealadojus"—which "tongue twister," for convenience," the court referred to as "the word."  *Id.* at 654.  The Court "listened to phonograph records of both works" and held that "as an average observer . . . there is no discernible similarity between the music of both songs."  *Id.* at 655.  In summing up the baselessness of the plaintiff's claim, the Court stated: "[I]t is my opinion that plaintiffs have seized upon the employment of 'the word' in two otherwise dissimilar songs, as the basis for an unfounded claim of infringement."  *Id.* at 656.

That comment is equally apropos here.  Plaintiffs have seized upon Defendants' use of the phrase "somebody to love" in "two otherwise dissimilar songs" to assert an "unfounded claim of infringement."  The effect of Plaintiffs' claim is to seek a monopoly over the use of this common, cliché phrase which, for all the reasons described above, cannot be protected under copyright law.

Moreover, when one considers the overall aesthetic appeal of each work in terms of how the central idea is expressed, the dissimilarities between the two songs become even more stark. For example, the theme of both songs surrounds the same, unprotectible idea: a male narrator expressing his need for "somebody to love."  However, the songs express that unprotectible idea

in entirely opposite ways.  Plaintiffs' Song finds the male protagonist describing the break-up of an apparently bad relationship, and lamenting that he managed to stay so long in a loveless, unhappy union.  The song is a meditation on the narrator's experience in a painful relationship, and, ultimately, it culminates with the singer telling his unhappy lover to "go on," so as not to "take up [his] space" anymore.  By contrast, Defendants' Song is an upbeat, up-tempo, and hopeful expression of the narrator's quest and attempt to attract love, and his attempt to woo a potential girlfriend by showering her with gifts and attention, promising to "write her a symphony" and, otherwise, to give her "the finer things."  Accordingly, the mood and themes of the two works approach the quest for "somebody to love" from entirely opposite points of view.

Thus, an intrinsic comparison of the parties' works demonstrates, without any question, that Plaintiffs' copyright claim fails as a matter of law.  Defendants' motion to dismiss for failure to state a claim should be granted without leave.

## C.  Plaintiffs' Second Claim For Contributory Copyright Infringement And Third Claim For Vicarious Infringement Fail As A Matter Of Law.

### 1.  Plaintiffs have not pled any facts showing contributory infringement.

A plaintiff alleging contributory copyright infringement must plead and prove that the defendant "with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another."  *CoStar Group, Inc. v. LoopNet, Inc.*, 373 F.3d 544, 550 (4th Cir. 2004).  "The standard for knowledge is objective: know or have reason to know."  *Cable/Home Communication Corp. v. Network Productions, Inc.*, 902 F.2d 829, 845 (11th Cir. 1990) (citation and internal quotation marks omitted).  "Inadvertent participation in infringing activities does not give rise to contributory liability."  *Basketball Mktg. Co., Inc. v. FX Digital Media, Inc.*, 257 F. App'x 492, 495 (3d Cir. 2007).  A plaintiff must show that the defendant's

participation was substantial.  *Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir.1971).

Of course, there can be no finding of contributory infringement unless the plaintiff first proves direct infringement by another party.  *See U–Haul Intern., Inc. v. WhenU.com, Inc.*, 279 F.Supp.2d 723, 731 (E.D.Va.2003).   As discussed above, Plaintiff's claim for direct infringement fails as a matter of law.

Further, Plaintiffs do not plead any <u>facts</u> showing contributory copyright infringement by Defendants.  Instead, Plaintiffs include a "formulaic recitation of the elements of a cause of action" for contributory infringement, which is insufficient to state a cognizable claim.  *See Twombly*, *supra*, 550 U.S. at 555.  Accordingly, Plaintiffs' second claim for contributory infringement fails as a matter of law.

        **2.**        **Plaintiffs also fail to plead any facts demonstrating vicarious infringement.**

"[T]o establish vicarious liability, a copyright owner must demonstrate that the vicarious infringer possessed: (1) the right and ability to supervise the infringing activity; and (2) an obvious and direct financial interest in the exploited copyrighted materials."  *NelsonSabales, Inc. v. Morningside Dev., LLC*, 284 F.3d 505, 513 (4th Cir. 2002).

As with their claim for contributory infringement, Plaintiffs fail to plead any facts supporting a claim for vicarious liability against Defendants, instead merely reciting the elements of the claim.  Such a pleading does not set forth a cognizable claim for copyright infringement. *See Twombly*, *supra*, 550 U.S. at 555.

**IV.**    <u>**CONCLUSION**</u>

For all the reasons stated above, this Court should grant the Defendants' motion and dismiss Plaintiffs' complaint as a matter of law.

Dated:  June 28, 2013

Respectfully submitted,

_/s/ Stephen E. Noona_____
Stephen E. Noona
Virginia State Bar No. 25377
Kaufman & Canoles, P.C.
150 W. Main Street, Suite 2100
Norfolk, VA  23510
Telephone:  757-624-3239
Facsimile:  757-624-3169
senoona@kaufcan.com

Howard Weitzman (*pro hac vice*)
Jeremiah T. Reynolds (*pro hac vice*)
Kinsella Weitzman Iser Kump & Aldisert
808 Wilshire Blvd., 3rd Floor
Santa Monica, CA  90401
Telephone:  310-566-9800
Facsimile:  310-566-9884
hweitzman@kwikalaw.com
jreynolds@kwikalaw.com

*Attorneys for Universal Music Corp. and The Island Def Jam Music Group, a division of UMG Recordings, Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on June 28, 2013, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Duncan G. Byers
Virginia State Bar No. 48146
Jeffrey D. Wilson
Virginia State Bar No. 75734
Byers Law Group
142 W. York Street, Suite 910
Norfolk, VA  23510
Telephone:  757-227-3340
Facsimile:  757-227-3341
duncan.byers@byerslawgroup.com
jdwilson@byerslawgroup.com
admin@byerslawgroup.com

*Attorneys for Plaintiffs*
*Devin Copeland and Mareio Overton*

Stephen E. Noona
Virginia State Bar No. 25377
Kaufman & Canoles, P.C.
150 W. Main Street, Suite 2100
Norfolk, VA  23510
Telephone:  757-624-3239
Facsimile:  757-624-3169
senoona@kaufcan.com

*Attorney for Defendants Justin Bieber and*
*Bieber Time Publishing LLC,*
*Universal Music Corp., The Island Def Jam Music Group,*
*a division of UMG Recordings, Inc. and Usher Raymond, IV, p/k/a Usher*

Jonathan D. Davis, Esq. (*pro hac vice* application to be filed)
Jonathan D. Davis, P.C.
99 Park Avenue, Suite 1600
New York, New York 10016
Telephone:  212- 687-5464
Facsimile:  212- 557-0565
jdd@jddavispc.com

*Attorneys for Defendant*
*Usher Raymond, IV, p/k/a Usher*

_/s/ Stephen E. Noona_

Stephen E. Noona
Virginia State Bar No. 25377
Kaufman & Canoles, P.C.
150 W. Main Street, Suite 2100
Norfolk, VA  23510
Telephone:  757-624-3239
Facsimile:  757-624-3169
senoona@kaufcan.com