# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION



DEVIN COPELAND P/K/A
DE RICO and

MAREIO OVERTON,

    Plaintiffs,

       v.

Case No.: $2:13$ cv $246$

JUSTIN BIEBER,
    An Individual,

    Serve:
    Howard Weitzman, Esq.
    Kinsella Weitzman Iser Kump & Aldisert
    3rd Floor
    808 Wilshire Blvd
    Santa Monica, CA 90401
    310-566-9800
    Fax: 310-566-9884
    Email: HWeitzman@kwikalaw.com

USHER RAYMOND IV p/k/a "USHER",
    An Individual,

    Serve:
    Usher Raymond IV p/k/a "Usher" c/o
    J Pat Management
    Music Artists Management Company
    3996 Pleasantdale Road, Suite 104A
    Doraville, GA 30340-4200

HEATHER BRIGHT,
    Individually and d/b/a
    B-RHAKA PUBLISHING,

---

Serve:

> Heather Bright d/b/a
> B-RHAKA Publishing
> 1616 Vista Del Mar, 2nd Floor
> Los Angeles, CA 90028

RAY ROMULUS a/k/a RAYRO,
Individually and d/b/a
PLEASE ENJOY THE MUSIC,

> Serve:
> Ray Romulus a/k/a RAYRO d/b/a
> Please Enjoy the Music
> 10960 Wilshire Blvd, Floor 5
> Los Angeles, CA 90024-3708

JONATHAN YIP,
Individually and d/b/a
PRODUCTS OF THE STREET,

> Serve:
> Jonathan Yip d/b/a
> Products of the Street
> 3625 Dellvale Place
> Encino, CA 91436

JEREMY REEVES,
Individually and d/b/a
SUMPHU,

> Serve:
> Jeremy Reeves d/b/a
> SUMPHU, c/o
> Universal Music Corp.
> ATTN: Copyright D
> 99440 Collections Center Drive
> Chicago, IL 60693

UNIVERSAL MUSIC CORP.,

> Serve:
> Universal Music Corp., c/o

---

The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

UNIVERSAL MUSIC PUBLISHING GROUP,

Serve:
Universal Music Publishing Group c/o
CT Corporation System
818 W. 7th Street, Suite 200
Los Angeles, CA 90017

SONY/ATV MUSIC PUBLISHING, LLC,

Serve:
Sony/ATV Music Publishing c/o
The Prentis-Hall Corp. System, Inc.
2711 Centerville Road, Suite 400
Wilmington, DE 19808

BIEBER TIME PUBLISHING, LLC,

Serve:
Bieber Time Publishing, LLC c/o
Corporation Service Company
2711 Centreville Road, Ste. 400
Wilmington, DE 19808

WB MUSIC CORP.,

Serve:
WB Music Corp. c/o
CT Corporation System
818 W. Seventh St.
Los Angeles, CA 90017

THE ISLAND DEF JAM MUSIC GROUP,
        A subsidiary of Universal Music Group

Serve:
The Island Def Jam Music Group c/o

CT Corporation System
818 W. Seventh St.
Los Angeles, CA 90017

STAGE THREE MUSIC (U.S.) INC.,

Serve:
Stage Three Music (U.S.) Inc. c/o
Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, DE 19808

B-RHAKA PUBLISHING,

Serve:
B-RHAKA Publishing, LLC c/o
United Corporate Services, Inc.
874 Walker Road, Suite C
Dover, DE 19904

STAGE THREE MUSIC, LLC,

Serve:
Stage Three Music, LLC c/o
Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, DE 19808

PLEASE ENJOY THE MUSIC,

Serve:
Please Enjoy the Music
10960 Wilshire Blvd, Floor 5
Los Angeles, CA 90024-3708

PRODUCTS OF THE STREET,

Serve:
Products of the Street
3625 Dellvale Place
Encino, CA 91436

SUMPHU,

> Serve:
> SUMPHU c/o
> Universal Music Corp.
> ATTN: Copyright D
> 99440 Collections Center Drive
> Chicago, IL 60693

and

JONETTA PATTON,

> Serve:
> Jonetta Patton
> J Pat Management
> Music Artists Management Company
> 3996 Pleasantdale Road, Suite 104A
> Doraville, GA 30340-4200

> Defendants.

## COMPLAINT

COMES NOW plaintiffs Devin Copeland p/k/a De Rico and Mareio Overton (collectively

"Plaintiffs"), by counsel, and for their Complaint against defendants Justin Bieber, Usher Raymond

IV p/k/a "Usher," Heather Bright, Ray Romulus a/k/a RayRo, Jonathan Yip, Jeremy Reeves,

Universal Music Corporation, Universal Music Publishing Group, Sony/ATV Music Publishing

LLC, Bieber Time Publishing, LLC, WB Music Corporation, The Island Def Jam Music Group,

Stage Three Music (U.S.) Inc., B-RHAKA Publishing, Stage Three Music LLC, Please Enjoy the

Music, Products of the Street, Sumphu, and Jonetta Patton (collectively "Defendants"), state as

follows:

## INTRODUCTION

1.  This is an action in law and equity for copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq*. Defendants violated the Copyright Act of 1976 by infringing Plaintiffs' copyrights in a music and sound recording owned by Plaintiffs Devin Copeland p/k/a "De Rico" and Mareio Overton entitled "Somebody to Love" thereby unfairly profiting from such use and damaging Plaintiffs. Plaintiffs are seeking damages and injunctive relief.

## JURISDICTION AND VENUE

2.  This is an action for copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq*. This Court has subject matter jurisdiction over the claims herein under 28 U.S.C. §§ 1331 and 1338 because this action is based upon violations of federal copyright statutes. This Court has general jurisdiction over the Defendants based upon the nature and extent of Defendants' contacts with this forum. This Court has specific jurisdiction over the Defendants on the basis that acts constituting the infringement underlying this case occurred in whole or in part in the Commonwealth of Virginia.

3.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim of infringement occurred in this district.

## PARTIES

4.  Plaintiff Devin Copeland ("Copeland") is an individual who is currently residing in Cheaspeake, Virginia.

---

*Copeland v. Bieber et al.*
Case No. _____ cv_____; Complaint

5.   Plaintiff Mareio Overton ("Overton") is an individual who is currently residing in Portsmouth, Virginia.

6.   Defendant Justin Bieber ("Bieber") is an individual who, upon information and belief, is currently residing in the State of California.

7.   Defendant Usher Raymond IV p/k/a ("Usher") is an individual who, upon information and belief, is currently residing in the State of Georgia.

8.   Defendant Heather Bright (d/b/a B-RHAKA Publishing) is an individual believed to be a resident of California.

9.   Defendant Ray Romulus (a/k/a "RayRo" also d/b/a Please Enjoy the Music) is an individual believed to be a resident of California.

10.  Defendant Jonathan Yip (d/b/a Product of the Streets) is an individual believed to be a resident of California.

11.  Defendant Jeremy Reeves (d/b/a Sumphu) is an individual believed to be a resident of California.

12.  Defendant Universal Music Corp. ("UMC") is an entity within the Universal Music Group of companies and is a California corporation with its principal place of business at 2100 Colorado Avenue, Santa Monica, CA 90404. UMC's agent for service of process is CT Corporation System, 818 W 7th St., Suite 200, Los Angeles, CA 90017.

13.  Defendant Universal Music Publishing Group Inc. ("UMPG") is a global music publishing operation, a division of UMG, and is a Delaware corporation having a business address at 2100 Colorado Avenue, Santa Monica, CA 90404. UMPG's agent for service of process is

---

CT Corporation System, 818 W 7th St, Suite 200, Los Angeles, CA 90017.

14. Defendant Sony/ATV Music Publishing, LLC ("Sony") is a Delaware limited liability company with offices located at 8 Music Square W., Nashville, TN 37203. Sony's agent for service of process is The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

15. Defendant Bieber Time Publishing LLC ("Bieber Time") is a Delaware limited liability company. Bieber Time's agent for service of process is the Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

16. Defendant WB Music Corp. ("WB") is a Delaware corporation. WB's agent for service of process is The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

17. Defendant Island Def Jam Music Group ("Island") is a record label, a division of UMG Recordings, Inc., and is a Delaware corporation having an address at 2100 Colorado Avenue, Santa Monica, CA 90404. Island's agent for service of process is CT Corporation, 818 W 7th St, Suite 200, Los Angeles, CA 90017.

18. Defendant Stage Three Music (U.S.), Inc. ("Stage Three") is a Delaware corporation. Stage Three's agent for service of process is The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

19. Defendant B-RHAKA Publishing ("B-RHAKA") is, upon information and belief, an entity owned and operated by defendant Heather Bright, having a principal place of business located at 2850 Ocean Park Blvd., Suite 300, Santa Monica, CA 90405-4084. B-RHAKA's

agent for service of process is United Corporate Services, Inc., 874 Walker Rd., Suite C, Dover, DE 19904.

20. Defendant Stage Three Music, LLC ("STM") is, upon information and belief, a Delaware limited liability company servable through Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

21. Defendant Please Enjoy the Music ("PEM") is, upon information and belief, an entity operated by defendant Ray Romulus, and servable through Sony/ATV Music Publishing LLC, P.O. Box 1273, Nashville, TN 37202. *See* Paragraph 9 above.

22. Defendant Products of the Street ("POS") is, upon information and belief, owned and controlled by defendant Jonathan Yip, with all rights in the works at issue controlled and administered by WB Music Corp., 75 Rockefeller Plaza, New York, NY 10019. POS's agent for service of process is CT Corporation System, 818 W. 7th Street, Los Angeles, CA 90007.

23. Defendant Sumphu is, upon information and belief, owned and controlled by defendant Jeremy Reeves, with all rights in the works at issue controlled and administered by WB Music Corp., 75 Rockefeller Plaza, New York, NY 10019. Sumphu's agent for service of process is CT Corporation System, 818 W. 7th Street, Los Angeles, CA 90007.

24. Defendant Jonetta Patton is an individual who, upon information and belief, is currently residing in the State of Georgia, who owns and operates J Pat Management, Music Artists Management Company, 3996 Pleasantdale Road, Suite 104A, Doraville, GA 30340-4200.

25.     Collectively, Romulus, Yip, and Reeves work as "The Stereotypes."

## FACTS COMMON TO ALL COUNTS

26.     Plaintiff Copeland, who performs under the name "De Rico," is a writer and singer in the Rhythm and Blues ("R&B") genre of music. Copeland currently holds valid copyrights on numerous songs.

27.     Plaintiff Overton is a songwriter who often collaborates with Copeland on material.

28.     In 2008, Plaintiffs began collaborating on a number of songs to be professionally performed and recorded by Copeland and released as an album. During that time, Plaintiffs independently composed, produced and created an original musical composition titled "Somebody to Love."

29.     On or around March of 2008, Copeland recorded the song "Somebody to Love," which was included on his album "My Story II."

30.     Plaintiffs applied to the U.S. Copyright Office for the rights in "My Story II," including the track "Somebody to Love."[1]   On October 2, 2008, the U.S. Copyright Office issued Copeland Copyright Registration No. PAu 3-554-480, attached as Exhibit 1.

31.     Copeland and Overton are, and at all relevant times have been, the owners of valid copyright in the work at issue, the song "Somebody to Love."

32.     In June 2007, Copeland met Laura Jones ("Jones"), a talent and concert promoter.

---

[1]   The issued registration erroneously failed to name Overton, and was issued as to the lyrics alone, despite the sound recording being deposited with the application. A Correction has been submitted to the U.S. Copyright Office.

---

33.    In October and November 2009, Jones introduced Copeland to several individuals, including
       Peter Stockton ("Stockton"), Kevin Lawson ("Lawson"), and Malik Brooks of Sangreel
       Media ("Sangreel"). Sangreel, upon information and belief, is a company that scouts and
       recruits new musical artist for recording labels, such as Island, Sony, and RCA. Sangreel
       indicated it was interested in promoting Plaintiffs' songs.

34.    Plaintiffs provided copies of their registered and recorded works, including "Somebody to
       Love," to Stockton, Lawson, and Brooks so that they could, in turn, provide promotional
       copies of the works to the recording companies they worked with in the music industry.

35.    In the course of numerous conversations, Stockton, Lawson, and Brooks informed Plaintiffs
       that they had presented the music on "My Story II" to numerous people, including Usher
       Raymond IV ("Usher"). Usher is a renowned R&B recording artist and television
       personality with an international fan base and significant musical success. He also has
       extensive experience songwriting and producing music.

36.    On January 5, 2009, Copeland participated in a telephone conference with Lawson and an
       individual who identified herself as Jonetta Patton ("Patton"), Usher's mother and on-again,
       off-again manager. During that telephone conference, Patton informed Copeland that both
       she and Usher had listened to the music on his album, including "Somebody to Love," and
       were interested in having Copeland re-record the album and tour with Usher that summer.

37.    Sangreel never returned any of its copies of Copeland's "My Story II," and Plaintiffs heard
       nothing further from Patton or any other representative of Usher.

_____

*Copeland v. Bieber et al.*                                    BYERS LAW GROUP
Case No. _____ cv_____; Complaint                         WWW.BYERSLAWGROUP.COM

38. Without any authority or consent, Patton and Usher conspired with songwriters and producers Ray Romulus, Jonathan Yip, Jeremy Reeves (collectively known as the Stereotypes) and Heather Bright to directly copy Plaintiffs' song "Somebody to Love," intending to appropriate Plaintiffs' intellectual property as their own. Usher, who at the time was preparing to record his album "Raymond v. Raymond," recorded the infringing song as a demo track with the Stereotypes producing. Usher uploaded a video of his demo performance on the website YouTube as early as February 28, 2010.

39. Justin Bieber is an R&B performer and songwriter. Bieber, then just 13 years old, was discovered in 2008 by promoter Scooter Braun ("Braun") who first observed Bieber through a series of performance videos Bieber made and posted on the YouTube website.

40. In 2008, Braun formed a partnership, Raymond Braun Media Group ("RBMG"), with Usher who agreed to mentor Bieber. RBMG immediately signed Bieber as its first performer. Soon thereafter, Bieber signed with Island Records, which resulted in a joint venture between the label and RBMG. Bieber hired Braun as his manager and Ryan Good, a former assistant to Usher, as his road manager.

41. Usher decided not to use his infringing version of the song "Somebody to Love" on his album. At that time, Bieber was preparing to record his first full length album, My World 2.0. Upon information and belief, Usher and the Stereotypes brought the song "Somebody to Love" to Bieber.

42. Bieber agreed to record his infringing version of "Somebody to Love" with Usher performing the background vocals and the Stereotypes producing the song.

---

43.     Bieber released his album "My World 2.0" in the spring of 2010, and it debuted at number
        one on the U.S. Billboard 100.

44.     The Bieber version of "Somebody to Love" was included on the album, and released as the
        album's second single on or about April 20, 2010. The song peaked at number 15 in the U.S.
        Billboard charts, charted well in many other countries, and was certified platinum.

45.     On June 25, 2010, Usher released an infringing version of "Somebody to Love" as a remix,
        with himself singing the lead vocals and Bieber performing the backup vocals.

46.     In late summer of 2010, Overton heard Bieber's version of "Somebody to Love" on the
        radio. He immediately contacted Copeland and informed him of the song and stated that it
        was clearly copied from the Copeland/Overton version of "Somebody to Love." Prior to that
        time, neither Plaintiff was aware of the Bieber version of "Somebody to Love."

47.     A comparison of Bieber's version of "Somebody to Love" with Plaintiff's copyrighted
        version shows the following points of congruence between the two works:

        a.  Both compositions bear the same title;

        b.  Both compositions share the same time signature;

        c.  Both compositions have a repeating underlying Keystone Beat Pattern ("KBP," which
            is the underlying simplest arrangement of repeating beat-patterns in a musical piece)
            2-measure rhythm pattern for the entire song;

        d.  Both introductions are spoken, rather than being an instrumental or sung;

        e.  Both choruses use the same hook, "I...need somebody to love";

---

f.   Both use one measure of strategic silence just prior to or at the beginning of the chorus;

g.   Both use a scalar 7-chord to start the chorus;

h.   Both use a scalar 4 minor 9-chord in the 2nd measure of the chorus;

i.   Both are 9 measures long for the chorus-proper;

j.   Both use the "call and response" form for the chorus-proper;

k.   Both use nearly identical time values and sequences in the first phrase of each chorus;

l.   Both use nearly identical time values and sequences in the second phrase of each chorus;

m.   Both use nearly identical timings of "call and response" entry points within a measure;

n.   Both use nearly identical timings of "call and response" exit points within a measure;

o.   The calls of both versions share nearly identical opening lyrics (with a single word difference: "just");

p.   The calls of both versions share identical order and placements of the lyrics relative to their respective time values in each measure; and

q.   The calls of both versions share identical treatments (the last word of the lyric, "love," being a two-syllable long held note).

48.   In addition, a statistical analysis of (i) a 52-song sample of 2009 – 2011 Billboard "Hot 100" Songs, (ii) both versions of "Somebody to Love," (iii) Songs with Writing Credits to Justin Bieber *et al.*, and (iv) Songs with Writing Credits to the Stereotypes *et al.* reveals that:

---

(a) while, absent copying, there is essentially a zero probability for the number of points of congruence between the two versions of "Somebody to Love,"

(b) there is a statistically negligible occurrence of those points of congruence in either the 2009-2011 Billboard sample or in the set of songs written by the members of the team claiming authorship on the Bieber version of "Somebody to Love."

In sum, the points of congruence (the shared unique musical structures including timing, lyrics, etc.) that show Bieber's version of "Somebody to Love" to have been created from the Overton/Copeland version appear only in those two versions of the song and not in the general population of that music genre or in the other works by the purported authors of the Bieber version.

49.     In addition to the multiple album and single sales, Plaintiffs' copyrighted work is also being infringed by and through sheet music sales and live concert performances. Bieber has performed the song on numerous occasions, including as a part of his set list on his "My World" Tour, which included a performance in Norfolk, Virginia, and televised appearances on the 2010 MTV Video Music Awards and on the Today show, among others.

50.     Bieber is currently performing the song as part of the setlist for his ongoing "Believe" Tour.

51.     Each and every Defendant, jointly and severally, have claimed rights to the Bieber  and Usher versions of Plaintiffs' work, have jointly and severally infringed Plaintiffs' copyrights by and through the copying, revising, recording, performance, distribution and sales of the

infringing works, and/or conspired to infringe Plaintiffs' copyrights, and are therefore liable for the infringing acts.

52.     Each and every Defendant was either directly involved in recording and/or performing the infringing works, or was directly involved in obtaining and providing Plaintiffs' copyrighted work so that the infringing activities could take place.

53.     Each and every Defendant has an obvious and direct financial interest in Bieber and Usher copying, recording, and performing their infringing versions of "Somebody to Love."

54.     Each and every Defendant knew of the infringing activity and, despite that knowledge, induced, caused, or materially contributed to the infringement.

55.     Defendants continue to infringe Plaintiffs' copyrights, thereby unfairly profiting from such use and damaging Plaintiffs.

## COUNT I
## COPYRIGHT INFRINGEMENT

56.     Plaintiffs repeat and re-allege each and every allegation of paragraphs 1 through 55 as though fully set forth herein.

57.     Defendants' acts as alleged constitute copyright infringement in violation of the Copyright Act of 1976, 17 U.S.C. § 101 *et seq*.

58.     Upon information and belief, by such wrongful acts, Defendants have and, unless restrained by the Court, will continue to cause serious irreparable injury and damage to Plaintiffs.

59.     Plaintiffs have no adequate remedy at law, and have been damaged in an amount not less than Ten Million and 00/100 Dollars ($10,000,000.00) or other such amount as may be proven at trial.

## COUNT II
## CONTRIBUTORY INFRINGEMENT

60.     Plaintiffs repeat and re allege each and every allegation of paragraphs 1 through 59 as
        though fully set forth herein.

61.     Defendants' acts as set forth above constitute contributory infringement in that (a) there
        was and continues to be direct copyright infringement of Plaintiffs' work, (b) Defendants
        knew of the infringement, and (c) each of the Defendants materially contributed to the
        infringement.

62.     Upon information and belief, by such wrongful acts, Defendants have and, unless
        restrained by the Court, will continue to cause serious irreparable injury and damage to
        Plaintiffs.

63.     Plaintiffs have no adequate remedy at law, and have been damaged in an amount not less
        than Ten Million and 00/100 Dollars ($10,000,000.00) or other such amount as may be
        proven at trial.

## COUNT III
## VICARIOUS INFRINGEMENT

64.     Plaintiffs repeat and re allege each and every allegation of paragraphs 1 through 63 as though
        fully set forth herein.

65.     Defendants' acts as set forth above constitute vicarious infringement in that (a) Defendants
        possessed the right and ability to supervise the infringing conduct, and (b) Defendants have
        an obvious and direct financial interest in the exploitation of Plaintiffs' copyrighted
        materials.

66. Upon information and belief, by such wrongful acts, Defendants have and, unless restrained by the Court, will continue to cause serious irreparable injury and damage to Plaintiffs.

67. Plaintiffs have no adequate remedy at law, and have been damaged in an amount not less than Ten Million and 00/100 Dollars ($10,000,000.00) or other such amount as may be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for an Order of the Court:

68. Granting a preliminary and permanent injunction restraining Defendants, their officers, directors, principals, agents, servants, employees, successors and assigns, and all individuals acting in concert or participation with it, from infringing Plaintiffs' copyrights;

69. Ordering the termination of Defendants' copyright registrations for any and all rights claimed in the song "Somebody to Love";

70. Directing Defendants to account to Plaintiffs for any and all profits derived by Defendants from the infringed works and/or performances;

71. Granting Plaintiff a monetary judgment against Defendants for Plaintiffs' actual damages and any of Defendants' additional profits in an amount not less than Ten Million and 00/100 Dollars ($10,000,000.00) or other such amount as may be proven at trial;

72. Granting Plaintiff punitive damages against Defendants due to their willful and malicious acts in an amount to be proven at trial and in accordance with statute and/or common law;

73.     Granting Plaintiff his reasonable attorneys' fees, costs, and disbursements incurred herein

        pursuant to 17 U.S.C. § 505 ("Remedies for infringement: Costs and attorney's fees"); and

74.     Awarding Plaintiff such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff requests a trial by jury.

Date: May 1, 2013                              DEVIN COPELAND and

                                               MAREIO OVERTON

Duncan G. Byers, Esquire
Virginia Bar No. 48146
Jeffrey D. Wilson, Esquire
Virginia Bar No. 75734
BYERS LAW GROUP
142 W York Street, Suite 910
Norfolk, VA 23510
(757) 227-3340 Telephone
(757) 227-3341 Facsimile
*duncan.byers@byerslawgroup.com*
*jdwilson@byerslawgroup.com*
*admin@byerslawgroup.com*

*Counsel for Plaintiffs Devin Copeland and*
*Mareio Overton*

---

# EXHIBIT 1

## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**
**PAu 3-554-480**

Effective date of registration:

October 2, 2008

---

**Title**

Title of Work: My Story II

Contents Titles: XOXO; Get it back; Somebody to Love; I'll try; Fly chicks; Go off; Play me; Around the World; Guardian Angel; Swervie; Give it up; Circles; Life of the Party; Baby Boy

**Completion/Publication**

Year of Completion: 2008

**Author**

■ Author: Devin Derico Copeland

Work made for hire: No

Citizen of: United States

Year Born: 1988

Anonymous: No                    Pseudonymous: No

**Copyright claimant**

Copyright Claimant: Devin Derico Copeland

4956 Old Pughsville Rd, Chesapeake, VA, 23321

**Certification**

Name: Roxane Copeland

Date: September 26, 2008

---

Correspondence: Yes

**Registration #:**  PAU003554480

**Service Request #:**  1-128842742

DeRico Musick Inc
4956 Old Pughsville Rd
Chesapeake, VA 23321

Court Name: United States District Court
Division: 2
Receipt Number: 24663819349
Cashier ID: tlevinso
Transaction Date: 05/02/2013
Payer Name: BYERS LAW GROUP
-------------------------------------
CIVIL FILING FEE
 For: BYERS LAW GROUP
 Amount:        $400.00
-------------------------------------
CHECK
 Check/Money Order Num: 12534
 Amt Tendered:  $400.00
-------------------------------------
Total Due:      $400.00
Total Tendered: $400.00
Change Amt:       $0.00

BYERS LAW GROUP
2:13cv249

%JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Devin Copeland p/k/a De Rico and Mareio Overton | Justin Bieber, Usher Raymond IV p/k/a Usher, Heather Bright, Ray Romulus a/k/a RAYRO, Jonathan Yip, Jeremy Reeves, Universal Music Crop., Universal Music Pub. Group, Sony/ATV Music Pub, etal |

**(b)** County of Residence of First Listed Plaintiff   Chesapeake, VA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Santa Monica, CA
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Duncan G. Byers, Esq., Byers Law Group, 142 W. York Street, Suite 910, Norfolk, VA 23510 (757)227-3340

Attorneys (If Known)
Howard Weitzman, Esq.,Kinsella, Weitzman, Iser, Kump & Aldisert. 3rd Floor, 808 Wilshire Blvd., Santa Monica, CA 90401 (301)566-9884

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)   and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | **PERSONAL INJURY** | | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 362 Personal Injury - Med. Malpractice | ☐ 610 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 365 Personal Injury - Product Liability | ☐ 640 R.R. & Truck | ☒ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Copyright Act of 1976, 17 U.S.C. § 101 et seq

Brief description of cause:
Copyright Infringement

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE
05/01/2013

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____