# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Norfolk Division

DEVIN COPELAND p/k/a DE RICO and MAREIO OVERTON,

Plaintiffs,

v.

JUSTIN BIEBER, USHER RAYMOND IV p/k/a "USHER," HEATHER BRIGHT, Individually and d/b/a B-RHAKA PUBLISHING, UNIVERSAL MUSIC CORP., SONY/ATV MUSICAL PUBLISHING, LLC, WB MUSIC CORP., THE ISLAND DEF JAM MUSIC GROUP,

Defendants.

Civil Action No. 2:13-cv-246 (AWA-TEM)

## MOTION FOR SANCTIONS AND/OR TO COMPEL

COME NOW Plaintiffs, by Counsel, and for their Motion for Sanctions and/or to Compel state as follows.

### I. INTRODUCTION

Defendant Justin Bieber ("Bieber") has, for the second time, unilaterally cancelled properly agreed upon and noticed depositions at the last minute. The first deposition was scheduled to take place in Los Angeles, California on March 21, 2016. Counsel for Plaintiffs were in Los Angeles specifically for that single deposition, and were informed several hours before the start time that Bieber would not attend. Because he needed to save his voice for a concert scheduled for that evening. In an effort to work with Defendants, Plaintiffs agreed to a second deposition scheduled for today, April 14, 2016 in Atlanta, Georgia. At 12:49 A.M. this morning, Counsel for Plaintiffs were informed in an email from Gregory P. Korn, Esq. that "Justin is unable to sit for deposition tomorrow." No explanation was given.

Scott "Scooter" Braun ("Braun"), Bieber's manager, refused to discuss deposition dates and times with Plaintiffs' counsel, refused to accept service of process, and refused to appear subject to a subpoena at a deposition on the same date (today, April 14, 2016) that Bieber had agreed to be deposed.

Plaintiffs are respectfully requesting that the Court hear this Motion at its earliest convenience, and grant the relief sought below.

## II. FACTS

### a. Justin Bieber

Bieber, through counsel, agreed to be deposed on Monday, March 21 at 12:30 p.m. at the offices of Kinsella, Weitzman, Iser, Kump & Aldisert, LLP at 808 Wilshire Blvd. in Santa Monica, CA. The deposition was Noticed on March 7, 2016. **Exhibit 1.**

A court reporter and videographer was arranged, and Plaintiffs' counsel (Duncan G. Byers, Esq. ("Byers") and Patrick L. Maurer, Esq. ("Maurer")) traveled to Los Angeles on March 20, 2016. On March 21, a short time before the deposition was scheduled to start, Jeremiah T. Reynolds, Esq., ("Reynolds") counsel for Bieber, contacted Byers via cell phone and informed him that Bieber was unable to attend the deposition. Bieber, through counsel, promised a second date certain for his deposition in Atlanta, Georgia on April 14, 2016. Reynolds declined to consider reimbursing Plaintiffs for the full cost of the trip; in exchange for the guaranteed second deposition date Byers agreed to a reimbursement for his time and costs but not Maurer's. As agreed, on March 25, 2016, Plaintiffs duly noticed Bieber's deposition for today, April 14, 2016 in Atlanta. **Exhibit 2.**

Byers and Maurer were scheduled to fly to Atlanta this morning at 7:00 a.m. from Norfolk, Virginia. At 12:49 a.m., Gregory P. Korn, Esq., ("Korn") counsel for Bieber, sent an

*COPELAND, et al. v. BIEBER, et al.;* Case No. 2:13-cv-246  
Plaintiff's Motion for Sanctions and/or to Compel  
Page **2** of **11**

PENDER & COWARD  
WWW.PENDERCOWARD.COM

email to Byers informing him that "Justin is unable to sit for the deposition tomorrow." **Exhibit 3**. No explanation was given. Byers first read the email at 4:00 a.m. this morning. A third party deposition (Jonetta Patton) and the deposition of Defendant Usher Raymond IV are scheduled for tomorrow, April 15, 2016 in Atlanta. The change required the undersigned to change flights, incurring additional costs. Bieber, however, had enough spare time to shop at Barnes & Noble in Atlanta (*See* https://www.youtube.com/watch?v=8-5E4JIxBNg), as well as at the Georgia Tech bookstore (*See* http://www.11alive.com/entertainment/bieber-fever/131113516).

Bieber's refusal to be deposed follows on the heels of clear intentions to avoid and/or not comply with discovery. In response to Plaintiffs' Interrogatories and Requests for Production, Bieber provided four full pages of broadbased "General Objections," including objections to "each and every definition, instruction, interrogatory, and request." *See* **Exhibit 4**, pages 1-5. The same objections were restated in Bieber's Responses and Objections to Plaintiffs' Interrogatories and Requests for Production of Documents. **Exhibit 5**. Bieber's responses, when given, were at best extremely limited and non-responsive. For example, when asked to "Identify with specificity any and all individuals involved with writing, arranging, producing, and performing any and all versions of the song "Somebody to Love," a version of which appears on your album My World 2.0, including but not limited to the nature of their input and contributions to demonstration recordings, preproduction recordings, remixes, radio edits, and/or album edits," Beiber responded with regards to his recording that "Bieber sang vocals on the version of "Somebody to Love" that appeared on the album My World 2.0. In doing so, Bieber added some variations to the vocals of the song. Thaddis Kuk Harrell ("Kuk Harrell"), a producer, was involved in the production of Bieber's vocal performance which was recorded in Atlanta at

*COPELAND, et al. v. BIEBER, et al.;* Case No. 2:13-cv-246  
Plaintiff's Motion for Sanctions and/or to Compel  
Page 3 of 11

PENDER & COWARD  
WWW.PENDERCOWARD.COM

Triangle Studios on January 21 and 21 [sic], 2010." **Exhibit 5**, page 7. Contrast this with the liner notes for "Somebody to Love" on My World 2.0, **Exhibit 6** (listing, in addition to those identified by Bieber, Pat Thrall, Jaycen Joshua, Giancarlo Lino, and Usher). (Available at http://vignette4.wikia.nocookie.net/justin-bieber/images/9/9c/2-e8e0038fe6-1-jpg/revision/latest?cb=20150610202914, last accessed April 14, 2016).

In response to Plaintiffs' Requests for Production of Documents, Bieber provided only thirty-one pages of documents showing nothing but Bieber's itinerary (B0001-13), production agreements and letters of direction (B00014-29), and one forwarded email message that doesn't include Bieber as a sender or recipient (B00030-31). **Exhibit 7**. In addition, Plaintiffs have no record of Bieber supplementing his initial disclosures. **Exhibit 8**.

Bieber has suggested that he would agree to be deposed "in Louisville on April 20 and in D.C. on April 29." **Exhibit 9.** Either date is a direct violation of the Court's Orders directing that discovery be complete on or before April 18, 2016. As of today, April 14, 2016, Bieber has gone as far as offering significant sums of money to get Plaintiffs' agreement to forego Bieber's deposition entirely.

### b. Scott "Scooter" Braun.

Scott "Scooter" Braun ("Braun") is the manager for Bieber. Counsel for Plaintiffs has been discussing deposing Braun with opposing counsel and attempting to get available dates since at least February 2016. *See* **Exhibits 10 and 11.** Despite repeated attempts and lines of communication through counsel for Bieber to Braun, Braun declined to provide any deposition dates. On March 21, 2016, Byers discussed deposing Braun with Reynolds. Based upon that conversation, it is Byers' understanding that Braun was at home in Los Angeles at the time and in direct communication with Reynolds. During those conversations, Byers attempted to discuss

*COPELAND, et al. v. BIEBER, et al.;* Case No. 2:13-cv-246  
Plaintiff's Motion for Sanctions and/or to Compel  
Page 4 of 11

PENDER & COWARD  
WWW.PENDERCOWARD.COM

deposition dates and locations, and was informed by Reynolds that Braun would not discuss available dates or locations unless he was served with a subpoena first. And, although the address for Braun was given as Scooter Braun Projects, LLC in Los Angeles, CA. **Exhibit 12.** Braun's home address is 755 N. Bonhill Road, Los Angeles, CA.

A subpoena was issued to Braun at his home address on March 23, 2016. **Exhibit 13.** The residents refused to accept service. Plaintiffs served Braun through Scooter Braun Projects, LLC, through its registered agent in Georgia, for deposition this morning, April 14, 2016, under the assumption that Braun, as Bieber's manager and a longtime Atlanta resident, would be in Atlanta for Bieber's tour dates. This assumption is borne out by Braun's personal Twitter statements. See **Exhibit 14**, ScooterBraun@scooterbraun Tweets of Apr. 12 and Apr. 13. Braun, as Bieber's manager, routinely conducts business in Atlanta while Bieber is performing there. *See, e.g.,* **Exhibit 15** (reporting that Braun was in Atlanta for Bieber's performance at the "Jingle Ball" concert).

Braun, through Reynolds, filed with this Court his "Objections to Notice of Deposition and Subpoena to Scooter Braun Projects, LLC" but never filed a Motion to Quash as required by Fed. R. Civ. P. 45. It was not until 4:04 p.m. yesterday, Wednesday, April 13, 2016 that Braun informed the undersigned that he was not going to appear at the deposition. **Exhibit 16.**

Braun is a critical witness. First, Braun has been identified by the Parties as the person through which Bieber was first presented the song at issue. In addition to Braun's importance as a fact witness for access, Bieber has also informed the undersigned that he will not attend a settlement conference, sending his business manager in his stead. Although identification of what business manager he intends to have appear in his place has been withheld, it is presumed that Braun is the logical and probably only choice.

*COPELAND, et al. v. BIEBER, et al.;* Case No. 2:13-cv-246　　　　　　　　　　　　PENDER & COWARD
Plaintiff's Motion for Sanctions and/or to Compel　　　　　　　　　　　　WWW.PENDERCOWARD.COM
Page 5 of 11

## III. ARGUMENT

With regards to Bieber, if a party fails to attend its own deposition, the Court must impose sanctions on the party or the party's attorney, unless the failure was substantially justified, or the award of costs would be unjust under the circumstances. Fed. R. Civ. P. 37(d)(3). The purpose of Rule 37 is "to punish deliberate noncompliance with the federal rules of discovery and to deter such conduct in the future." *Virginia Brands, LLC v. Kingston Tobacco, Inc.*, No. 4:10-cv-9, 2013 U.S. Dist. LEXIS 42417, 2013 WL 1249070, at *7 (W.D.Va. Mar. 26, 2013). Braun, despite his Objections, was required to attend his deposition or seek a protective order or file a motion to quash, which he did not do. *See, e.g., Aetna Cas. & Sur. Co. v. Rodco Autobody*, 130 F.R.D. 2, 3 (D. Mass. 1990) ("The fact that objections were served is no excuse whatsoever not to attend the deposition. If the witness considered that they had grounds not to appear, they were required to file a motion for a protective order.").

During the course of this litigation, counsel for Plaintiffs have continued to attempt to resolve discovery disputes in good faith, including again accommodating requests by Bieber for schedule adjustments to expert matters after entry of this Court's April 6, 2016. All of the discussions that Plaintiffs have had with Bieber regarding discovery disputes have been with the assumption that Bieber was, as well, acting in good faith. Given the sum of the discovery problems and continued refusal to appear for deposition, Plaintiffs can only conclude that Bieber has never acted in good faith in conducting discovery.

At this point, Plaintiffs have no recourse but to seek assistance from the Court. Without depositions of the Parties to consider in response to expert reports (which, as of this date, have

*COPELAND, et al. v. BIEBER, et al.;* Case No. 2:13-cv-246　　　　　　　　　　　　PENDER & COWARD
Plaintiff's Motion for Sanctions and/or to Compel　　　　　　　　　　　　　　　　WWW.PENDERCOWARD.COM

Page 6 of 11

not been provided by Bieber)[1], Plaintiffs are significantly prejudiced and being deprived of an opportunity to present their case as well as adequately respond to defenses and challenges raised by Defendants. Not only does Bieber's failure to cooperate in discovery prejudice Plaintiffs in their case against Bieber, it prejudices their case against all Defendants. At this point in the proceedings, given Plaintiffs' and the Court's reliance upon Bieber acting in good faith, and the deadlines that must be met in order to bring the matter to trial, there is no remedy that can cure the prejudice to Plaintiffs.

This Court can award summary judgment as a sanction for discovery abuse, *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494 (4th Cir. 1977), after it considers (1) whether the non-complying party acted in bad faith, (2) the extent of prejudice to the non-complying party's opponent, (3) the need for deterrence, and (4) the effectiveness of less drastic sanctions. *Wilson*, 561 F.2d at 503-04.

As noted above, given the totality of circumstances, Bieber has clearly been acting in bad faith. The prejudice to Plaintiffs is, at this point, manifest and incurable. Given the outstanding scheduling orders and Bieber's willful failure to acknowledge the existence (and need) for the deadlines imposed by the Court, Plaintiffs are materially prejudiced in their ability to prosecute their case against all Defendants.[2] Sanctions are necessary to deter such behavior now and in the future. And no less drastic sanctions can cure the prejudice. In order to cure the prejudice, the Court would have to once again adjust discovery deadlines, leaving Plaintiffs in the position of

---

[1] Bieber has also never identified experts; the only way Plaintiffs discovered who Bieber intended to rely upon as a music expert was because that information was included in Bieber's Emergency Motion and Memorandum in Support of Emergency Motion for Limited Reconsideration and Limited Relief.

[2] It appears that the Defendants have been operating in concert; multiple defendants share counsel, discovery has been provided on behalf of numerous Defendants rather than by a single responding Party, and to date no other Defendant has objected to the numerous discovery failures by Bieber.

*COPELAND, et al. v. BIEBER, et al.*; Case No. 2:13-cv-246  
Plaintiff's Motion for Sanctions and/or to Compel  
Page **7** of **11**

PENDER & COWARD  
WWW.PENDERCOWARD.COM

not having completed discovery prior to deadlines for substantive motions in the case. Even simple monetary sanctions are clearly insufficient. Bieber's performances currently earn (in box office sales alone) approximately $1.5 million per show. For example, over three sold-out nights at the Staples Center in Los Angeles on March 20 – 23, 2016, ticket sales were $4,365,483.00. *See* http://web.archive.org/web/20160412171551/http://www.billboard.com/biz/current-boxscore, last accessed on April 14, 2016.[3] Given the totality of the circumstances, merely adjusting – again – discovery deadlines is insufficient to meet the and cure the prejudice to Plaintiffs. To the extent that other Defendants may claim prejudice from sanctions awarded by the Court in the form of Summary Judgment or otherwise, Plaintiffs submit that Defendants are using Bieber's obstruction as cover for their own liability, and cannot now claim prejudice when they took no action to preserve their rights.

## IV. PRAYER FOR RELIEF

For the reasons stated above, Plaintiffs respectfully request that the Court:

1. Grant Summary Judgment in favor of Plaintiffs in the amount of ten million dollars ($10,000,000.00) or, in the alternative, compel the depositions of Justin Bieber and Scott "Scooter" Braun in Virginia Beach, Virginia at the law offices of Pender & Coward, PC and Order extensions of time to the current discovery deadlines and other affected deadlines to allow Plaintiffs to fully prosecute their case;

2. An award of fees and costs in the amount stated in Exhibit 1 to the Declaration of Duncan G. Byers in Support of this Motion For Sanctions and/or to Compel filed simultaneously with this Motion;

3. The costs of preparing for and presenting this Motion; and

---

[3] Billboard.com tracks ticket sales on an ongoing basis; this snapshot is the latest available with Bieber's ticket sales.

4. Such other relief as the Court deems proper.

Dated: April 14, 2016

Respectfully submitted,

/s/Jeffrey D. Wilson
Duncan G. Byers
Virginia State Bar No. 48146
Jeffrey D. Wilson
Virginia State Bar No. 75734
PENDER & COWARD, PC
222 Central Park Avenue, Suite 400
Virginia Beach, VA 23462
Phone: 757-490-3000
Facsimile: 757-502-7392
dbyers@pendercoward.com
jwilson@pendercoward.com
cholland@pendercoward.com

*Attorneys for Plaintiffs*
*Devin Copeland and Mareio Overton*

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2016 a true and accurate copy of the foregoing document was served via e-mail to the following:

Stephen E. Noona
Virginia State Bar No. 25377
Kaufman & Canoles, P.C.
150 W. Main Street, Suite 2100
Norfolk, VA 23510
Telephone: 757-624-3239
Facsimile: 757-624-3169
senoona@kaufcan.com

Howard Weitzman (*pro hac vice*)
Jeremiah T. Reynolds (*pro hac vice*)

Kinsella Weitzman Iser Kump & Aldisert
808 Wilshire Blvd., 3rd Floor
Santa Monica, CA 90401
Telephone: 310-566-9800
Facsimile: 310-566-9884
hweitzman@kwikalaw.com
jreynolds@kwikalaw.com

*Attorneys for Defendants Justin Bieber, Universal Music Corp., Bieber Time Publishing, LLC and The Island Def Jam Music Group*

Jonathan D. Davis, Esq. (*pro hac vice*)
Jonathan D. Davis, P.C.
10 Rockefeller Plaza, Suite 1015
New York, NY 10020
Telephone: 212- 687-5464
Facsimile: 212- 697-2521
jdd@jddavispc.com

*Attorneys for Defendant Usher Raymond, IV p/k/a Usher*

Nathan Muyskens
Virginia State Bar No. 39168
Loeb & Loeb LLP
901 New York Avenue NW
Suite 300 East
Washington, DC 20001
Telephone: 202-618-5000
Facsimile: 202-618-5001
nmuyskens@loeb.com

Barry I. Slotnick (*pro hac vice*)
Cheng L. Chen (*pro hac vice*)
Loeb & Loeb LLP
345 Park Avenue
New York, NY 10154
Telephone: 212-407-4000
Facsimile: 212-407-4990
bslotnick@loeb.com
lchen@loeb.com

*Attorneys for Heather Bright, B-RHAKA Publishing LLC, WB Music Corp. and Sony/ATV Music Publishing LLC*

COPELAND, et al. v. BIEBER, et al.; Case No. 2:13-cv-246
Plaintiff's Motion for Sanctions and/or to Compel
Page 10 of 11

PENDER & COWARD
WWW.PENDERCOWARD.COM

*/s/Jeffrey D. Wilson*
Duncan G. Byers
Virginia State Bar No. 48146
Jeffrey D. Wilson
Virginia State Bar No. 75734
PENDER & COWARD, PC
222 Central Park Avenue, Suite 400
Virginia Beach, VA 23462
Phone: 757-490-3000
Facsimile: 757-502-7392
dbyers@pendercoward.com
jwilson@pendercoward.com
cholland@pendercoward.com

*Attorneys for Plaintiffs*
*Devin Copeland and Mareio Overton*