# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DEVIN COPELAND p/k/a DE RICO and MAREIO
OVERTON,

        Plaintiffs,

v.

JUSTIN BIEBER, USHER RAYMOND IV p/k/a
"USHER," HEATHER BRIGHT, Individually and
d/b/a B-RHAKA PUBLISHING, UNIVERSAL
MUSIC CORP., SONY/ATV MUSICAL
PUBLISHING, LLC, BIEBER TIME PUBLISHING,
LLC, WB MUSIC CORP., and  DEF JAM
RECORDINGS, A DIVISION OF UMG
RECORDINGS, INC. (FORMERLY KNOWN AS
"THE ISLAND DEF JAM MUSIC GROUP")

        Defendants.

Civil Action No. 2:13-cv-246
(AWA-RJK)

### DEFENDANT JUSTIN BIEBER'S RESPONSES AND OBJECTIONS TO PLAINTIFF DEVIN COPELAND'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT JUSTIN BIEBER

Pursuant to Federal Rules of Civil Procedure 26, 33, and 34, Defendant Justin Bieber ("Bieber"), hereby responds and objects in writing to Plaintiffs' First Set of Interrogatories and Requests for Production of Documents to Defendant Justin Bieber ("Discovery Requests") as served on November 20, 2015.

### GENERAL OBJECTIONS

Bieber makes the following general objections to each and every definition, instruction, interrogatory and request made in the Discovery Requests to Bieber. Each of these objections is incorporated into the Specific Objections set forth below, whether or not separately set forth therein. By responding to any of the Discovery Requests or failing to specifically refer to or

10645.00014/339768.1

specify any particular General Objection in response to a particular Discovery Request, Bieber does not waive any of these General Objections, nor admit or concede the appropriateness of any purported Discovery Request or any assumptions contained therein.

1.      Nothing in these responses should be construed as waiving rights or objections that might otherwise be available to Bieber nor should Bieber's responses to any of these Discovery Requests be deemed an admission of relevancy, materiality, or admissibility in evidence of the Discovery Request or the response thereto.

2.      Bieber objects to each Discovery Request to the extent that it seeks the disclosure of information protected from disclosure by the attorney-client privilege, the attorney work product doctrine or any other applicable privilege or protection as provided by law. Bieber will not produce such privileged or protected information, and any inadvertent disclosure of any privileged or protected information should not be deemed a waiver of any privilege. Bieber will identify privileged materials and serve a privilege log at an appropriate time agreed to by the parties. Bieber objects to producing or logging privileged materials created after the filing of the Complaint in this action.

3.      Bieber objects to each Discovery Request, and to the definitions and instructions, to the extent it purports to impose upon Bieber obligations broader than, or inconsistent with, the Federal Rules of Civil Procedure or the Local Rules of Practice for this Court and/or any Orders of this Court.

4.      Bieber objects to each Discovery Request, and to the definitions and instructions, to the extent that they are overbroad, vague and ambiguous, unduly burdensome and oppressive, in purporting to require Bieber to search facilities and inquire of employees other than those facilities and employees that could reasonably be expected to have responsive information, or

produce information outside a relevant time period or unrelated to the asserted copyright claims in this action.  Bieber also will not produce information that is not in his possession, custody or control.

5.      Bieber objects to each Discovery Request to the extent it seeks information already in Plaintiffs' possession or equally available to Plaintiffs from other sources that are more convenient, less burdensome and/or less expensive.

6.      Bieber objects to each Discovery Request and to the definitions and instructions included therewith pursuant to Federal Rule of Civil Procedure 26(b)(2).

7.      Bieber objects to each Discovery Request to the extent that it is compound and/or is comprised of subparts constituting more than one interrogatory, particularly in view of Plaintiffs' instructions with respect to each "subpart" of each interrogatory as each subpart properly counts as separate interrogatories against the limit of interrogatories for Plaintiffs in this case.

8.      Bieber objects to each Discovery Request, and to the definitions and instructions included therewith, to the extent they seek proprietary, trade secret or other confidential or competitively sensitive business information.  Subject to Local Rule 26, Bieber will only produce such relevant, non-privileged information subject to adequate protections for Bieber's confidential, trade secret and/or proprietary business or technical information via a protective order entered by the Court in this action.

9.      Bieber objects to each Discovery Request, and to the definitions and instructions included therewith, to the extent that it purports to require Bieber to disclose private or personally-identifiable information unrelated to the allegations in this matter.

10.     Bieber objects to each Discovery Request, and to the definitions and instructions included therewith, to the extent that it purports to require Bieber to disclose information that is subject to any protective order, privacy interest, contractual obligation, or other confidentiality obligation owed to any third party.

11.     Bieber objects to each Discovery Request to the extent that such Request prematurely seeks the production of information and documents in advance of the dates set by the Federal Rules of Civil Procedure, the Local Rules, or any orders entered by this Court.

12.     Bieber objects to Plaintiffs' definition of "Bieber" as overly broad and unduly burdensome.

13.     Bieber objects to Plaintiffs' definitions of the terms "Identify," "Relate to," and "Identify with respect to a Communication" as vague, ambiguous, overbroad, unduly burdensome, and oppressive.

14.     Bieber responds to these Discovery Requests based upon his current understanding and reserves the right to supplement his responses if any additional information is identified at a later time and to make any additional objections that may become apparent.

15.     Each of Bieber's responses to these Discovery Requests are made subject to and without waiving, limiting, or intending to waive:

    A.     each of the above-stated general objections and reservations;

    B.     the right to object on the grounds of competency, privilege, relevancy, or materiality, or any other proper grounds, to the use of the documents or information, for any purpose, in whole or in part, in any subsequent step or proceeding in this action or any other action;

        C.     the right to object on any and all grounds, at any time, to other discovery requests involving or relating to the subject matter of the present litigation; and

        D.     the right at any time to revise, correct, and add to or clarify any of the responses herein.

16.    At any point, by responding to these Discovery Requests, Bieber does not waive or intend to waive, but expressly reserves, all of his statements, reservations, and objections, both general and specific, set forth in these responses, even though Bieber may in some instances disclose information over the statements, reservations, and objections contained herein.

17.    Bieber further objects to the Discovery Requests to the extent that they seek electronically stored information ("ESI") without agreeing upon reasonable search terms or a limited number of custodians and to the extent that Bieber has been prejudiced by Plaintiffs' unreasonable delay of an unreasonable amount of time before instituting the claims in this matter.

18.    A response by Bieber that he will provide information in response to an interrogatory or produce documents in response to a document request is not an admission that such information or documents are in Bieber's possession, custody, or control, but only a statement that such information or documents will be provided if it is in Bieber's possession, custody, or control.

## STATEMENT ON SUPPLEMENTATION

Bieber's investigation in this action is ongoing, and Bieber reserves the right to rely on and introduce information in addition to any information provided herein at the trial of this matter or in other related proceedings. Bieber has yet to receive complete discovery responses from Plaintiffs. Bieber anticipates that facts he learns later in the litigation may be responsive to

one or more of the Discovery Requests and Bieber reserves his right to supplement his responses to these Discovery Requests at appropriate points throughout this litigation without prejudice and/or to otherwise make available to Plaintiffs such information. Bieber also reserves the right to change, modify or enlarge the following responses based on additional information, further analysis, and/or in light of events in the litigation such as rulings by the Court. Bieber reserves the right to rely on or otherwise use any such amended response for future discovery, trial or otherwise.

## RESPONSES AND SPECIFIC OBJECTIONS

Bieber expressly incorporates the above objections as though set forth fully in response to each of the following individual interrogatories, and, to the extent that they are not raised in the particular response, Bieber does not waive those objections.

## INTERROGATORIES

INTERROGATORY NO. 1   Identify with specificity any and all individuals involved with writing, arranging, producing, and performing any and all versions of the song "Somebody to Love," a version of which appears on your album *My World 2.0*, including but not limited to the nature of their input and contributions to demonstration recordings, preproduction recordings, remixes, radio edits, and/or album edits.

OBJECTIONS:

Bieber objects to Interrogatory No. 1 on the basis that it is overbroad and unduly burdensome, and that it seeks information that is not relevant or proportional to the needs of the case. Bieber objects on the basis that the request is vague and ambiguous. Bieber objects on the basis that the request seeks information that is not within his possession, custody, or control. Without waiving such objections, Bieber responds as follows:

To the best of Bieber's knowledge, "Somebody to Love" was conceived and written by Heather Bright in collaboration with some or all of the producers known as *The Stereotypes* (*i.e.*, Jonathan Yip, Ray Romulus, and Jeremy Reeves). Bieber is informed that Ms. Bright and the Stereotypes were responsible for the production of an initial recording of the song, which was produced for consideration by singer Usher Raymond

Bieber sang vocals on the version of "Somebody to Love" that appeared on the album *My World 2.0*. In so doing, Bieber added some variations to the vocals of the song. Thaddis Kuk Harrell ("Kuk Harrell"), a producer, was involved in the production of Bieber's vocal performance which was recorded in Atlanta at Triangle Studios on January 21 and 21, 2010.

INTERROGATORY NO. 2   Describe with specificity your involvement with writing, arranging, producing, and/or performing any and all versions of the song "Somebody to Love," including but not limited to your lyrical, musical, and other input with demonstration recordings, preproduction recordings, remixes, radio edits, and/or album edits.

OBJECTIONS:

Bieber objects to Interrogatory No. 2 on the basis that it seeks information, including as to the performances of the accused work, that is not relevant or proportional to the needs of the case. Without waiving such objections, Bieber responds as follows:

Bieber sang vocals on the version of "Somebody to Love" that appeared on the album *My World 2.0*. In so doing, Bieber added some variations to the vocals of the song. However, the lyrics, melody, and music of "Somebody to Love" were initially conceived and written, to the best of Bieber's knowledge, in a collaboration between Ms. Bright and *The Stereotypes*.

**INTERROGATORY NO. 3**   Describe with specificity the involvement of other individuals with writing, arranging, and producing, any and all versions of the song "Somebody to Love," including but not limited to their lyrical, musical, and other input with demonstration recordings, preproduction recordings, remixes, radio edits, and/or album edits.

OBJECTIONS:

Bieber objects to Interrogatory No. 3 on the basis that it is duplicative of Interrogatory No. 1. Bieber objects to the request as overbroad, vague and ambiguous, unduly burdensome and oppressive in that it seeks information about other individuals not under Bieber's control and information covered by the attorney-client or attorney-work product privileges.  Without waiving such objections, Bieber responds as follows:

To the best of Bieber's knowledge, "Somebody to Love" was conceived and written by Ms. Bright in collaboration with *The Stereotypes*. Bieber is informed that Ms. Bright and the Stereotypes were responsible for the production of an initial recording of the song, which was produced for consideration by singer Usher Raymond.

Bieber sang vocals on the version of "Somebody to Love" that appeared on the album *My World 2.0*. In so doing, Bieber added some variations to the vocals of the song. Kuk Harrell, a producer, was involved in the production of Bieber's vocal performance which was recorded in Atlanta at Triangle Studios on January 21 and 21, 2010.

**INTERROGATORY NO. 4**   Describe with specificity who was present at any time during the recording of any and all versions of the song "Somebody to Love" regardless as to whether they were directly involved with the recording process.

OBJECTIONS:

Bieber objects to Interrogatory No. 4 on the basis that it is duplicative of Interrogatory Nos. 1 and 3. Bieber objects to the request on the basis that it seeks information that is not relevant or proportional to the needs of the case. Bieber objects to the request as overbroad, vague and ambiguous, unduly burdensome and oppressive and because it seeks information about other individuals not under Bieber's control and information covered by the attorney-client privilege or attorney-work product privileges. Without waiving such objections, Bieber responds as follows:

To the best of Bieber's knowledge, Ms. Bright and *The Stereotypes* were present during the recording of an initial version of "Somebody to Love." Usher was present during the recording of a version of the song that contains his vocal performance. Kuk Harrell, a producer, was present during the recording of Bieber's vocals for the version of the song that appeared on his album. Bieber is unaware of other individuals who may have been present at the recording of the various versions of "Somebody to Love."

**INTERROGATORY NO. 5**   Describe with specificity how you were first introduced to the song "Somebody to Love" include date and location, who presented it to you, the method in which you reviewed it (i.e., read, listened to, etc.), who was present when you heard it, and in what form it was presented to you.

OBJECTIONS:

Bieber objects to Interrogatory No. 5 on the basis that it seeks information that is not relevant or proportional to the needs of the case. Bieber objects to the request as overbroad. Bieber further objects to the extent the request seeks information covered by the attorney-client

privilege or attorney-work product privileges. Without waiving such objections, Bieber responds as follows:

Bieber is informed and believes that a recorded version of "Somebody to Love" was first brought to his manager, Scooter Braun, by Perez Hilton. Bieber does not recall the precise date that the song was presented to him personally. However, Bieber is informed and believes that he recorded a version of "Somebody to Love" on January 20-21, 2010, and thus he had to have heard the song before that date. Bieber does not recall who, if anyone, was present when he first heard a recording of the song.

**INTERROGATORY NO. 6** Describe with specificity each and every piece of equipment used to record any and all versions of the song "Somebody to Love" including but not limited to any Digital Audio Workstation, software, plug-in, outboard unit, instrument, midi controller, microphone, programmer, sampler, sequencer, or any other device.

OBJECTIONS:

Bieber objects to Interrogatory No. 6 on the basis that it seeks information that is not relevant or proportional to the needs of the case. Bieber objects to the request as overbroad, vague and ambiguous, unduly burdensome and oppressive.

**INTERROGATORY NO. 6 [sic]**   Identify each person who you expect to call as an expert witness at trial or to provide expert testimony under Rules 701, 702, 703 or 705 of the Federal Rules of Evidence. For each expected expert witness, provide the qualifications of the witness; a summary of the opinions to be expressed and the basis and reasons for each opinion, including the information used by the expert in devising his/her opinion(s); and any exhibits to be used as a summary of or in support of such opinion.

OBJECTIONS:

Bieber objects to Interrogatory No. 6 [sic] as premature given the Rule 16(b) Scheduling Order entered this matter and to the extent that such interrogatory seeks information covered by the attorney-client privileged or attorney-work product privileges.   Without waiving such objections, Bieber will provide the non-privileged information required under Rue 26 in accordance with the Rule 16(b) Scheduling Order after the choice of experts and related information is finalized.

**INTERROGATORY NO. 7**   Identify with specificity the circumstances in which you first became aware of the version of the song "Somebody to Love" performed by Plaintiff, including how you learned of the version and who was with you at the time.

OBJECTIONS:

Bieber objects to Interrogatory No. 7 on the basis that it assumes incorrect facts. Bieber objects to the extent the request to the extent it seeks information covered by the attorney-client privilege or attorney-work product privileges.  Without waiving such objections, Bieber responds as follows:

At no time prior to the filing of this case was Bieber aware of Plaintiffs or their song "Somebody to Love." At no time prior to the filing of this case did Bieber hear or become aware of the Plaintiffs' song.

**INTERROGATORY NO. 8**    Identify and describe with specificity each and every conversation you have had with Usher Raymond IV, Scott "Scooter" Braun, Heather Bright, Jonathan Yip, Ray Romulus, Jeremy Reeves, or Perez Hilton about the provenance of the song

"Somebody to Love," including when the conversation took place, who participated in the conversation, and a description of what was discussed.

OBJECTIONS:

Bieber objects to Interrogatory No. 8 as overbroad, vague and ambiguous, unduly burdensome and oppressive, because it is not reasonably limited in scope and seeks information that is not relevant or proportional to the needs of the case. Bieber further objects to the extent the request seeks information covered by the attorney-client privilege or attorney-work product privileges. Without waiving such objections, Bieber responds as follows:

Bieber does not recall any discussions he had with the individuals listed in the interrogatory, if any, relating to the origin of the song "Somebody to Love." To best of Bieber's recollection, his manager, Scooter Braun, brought the song to him for recording.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:** Provide copies of any and all documents that you rely upon and/or identify in any manner in answering Plaintiff's Interrogatories.

OBJECTIONS:

Bieber objects to Request No. 1 on the basis that it fails to specify with reasonable particularity the documents sought for production. Without waiving such objections, Bieber will produce non-privileged, responsive documents in his possession, custody, or control.

**REQUEST NO. 2:** Provide any and all agreements that you have with Heather Bright, Jonathan Yip, Ray Romulus, or Jeremy Reeves.

OBJECTIONS:

Bieber objects to Request No. 2 on the basis that it seeks documents that are not relevant or proportional to the needs of the case. Without waiving such objections, Bieber will produce non-privileged, responsive documents in his possession, custody, or control.

**REQUEST NO. 3:** Provide any and all documents related to any agreements that you have with Heather Bright, Jonathan Yip, Ray Romulus, or Jeremy Reeves, including any documents showing payment for services rendered under the agreement.

OBJECTIONS:

Bieber objects to Request No. 3 as overbroad, vague and ambiguous, unduly burdensome and oppressive, because it seeks documents that are not relevant or proportional to the needs of the case. Bieber further objects to the extent the request seeks documents covered by the attorney-client privilege or attorney-work product privileges.

**REQUEST NO. 4:** Provide any documents evidencing communications related to the provenance, creation, or production of the song "Somebody to Love," a version of which appeared on your album *My World 2.0.*

OBJECTIONS:

Bieber objects to Request No. 4 as overbroad, vague and ambiguous, unduly burdensome and oppressive, because it seeks documents that are not relevant or proportional to the needs of the case. Without waiving such objections, Bieber will produce non-privileged, responsive documents in his possession, custody, or control relating to the provenance and writing of "Somebody to Love." However, as stated in connection with the interrogatories above, Bieber

did not participate in the creation of the initial song but rather recorded it after it was created as set forth above.

**REQUEST NO. 5:**  Provide any and all documents related to your contribution to writing any and all versions of the song, "Somebody to Love" including any notes or sheet music.

OBJECTIONS:  Bieber objects to Request No. 5 to the extent it seeks information covered by the attorney-client or attorney-work product privileges.  Without waiving such objections, Bieber will produce non-privileged, responsive documents in his possession, custody, or control.

**REQUEST NO. 6:**  Provide any and all documents related to the Plaintiffs in this matter that came into your possession, custody, or control prior to being served with the Complaint, including any related to their version of the song, "Somebody to Love."

OBJECTIONS:

Bieber objects to Request No. 6 to the extent it seeks information covered by the attorney-client or attorney-work product privileges.  Without waiving such objections, Bieber responds that he has no responsive documents in his possession, custody, or control.

**REQUEST NO. 7:**  Provide any and all documents related to any communications with Usher Raymond IV or his agents regarding the song, "Somebody to Love."

OBJECTIONS:

Bieber objects to Interrogatory No. 7 as overbroad and unduly burdensome, because it seeks documents that are not relevant or proportional to the needs of the case. Without waiving

such objections, Bieber will produce non-privileged, responsive documents in his possession, custody, or control concerning the provenance and creation of the song "Somebody to Love."

Dated:  January 15, 2016

Respectfully submitted,

_/s/ Stephen E. Noona_
Stephen E. Noona
Virginia State Bar No. 25367
Kaufman & Canoles, P.C.
150 W. Main Street, Suite 2100
Norfolk, VA  23510
Telephone:  757-624-3239
Facsimile:  888-360-9092
senoona@kaufcan.com

Howard Weitzman (*pro hac vice*)
Jeremiah T. Reynolds (*pro hac vice*)
Gregory Korn (*pro hac vice*)
Kinsella Weitzman Iser Kump & Aldisert
808 Wilshire Blvd., 3rd Floor
Santa Monica, CA  90401
Telephone:  310-566-9800
Facsimile:  310-566-9884
hweitzman@kwikalaw.com
jreynolds@kwikalaw.com
gkorn@kwikalaw.com

*Attorneys for Defendant Justin Bieber,*
*Universal Music Corp., Def Jam Recordings, a*
*division of UMG Recordings, Inc. (formerly*
*known as "The Island Def Jam Music Group")*

## CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2016, 2015, I will send by electronic mail a copy of the foregoing Notice of Deposition of Devin Copeland p/k/a De Rico to the following:

Duncan G. Byers
Virginia State Bar No. 48146
Pender & Coward, P.C.
222 Central park Ave., Suite 400
Virginia Beach, VA 23462
Telephone: (757) 502-7396
Facsimile: 757-502-7392
dbyers@pendercoward.com

*Attorneys for Plaintiffs*
*Devin Copeland and Mareio Overton*

Stephen E. Noona
Virginia State Bar No. 25367
Kaufman & Canoles, P.C.
150 W. Main Street, Suite 2100
Norfolk, VA 23510
Telephone: 757-624-3239
Facsimile: 888-360-9092
senoona@kaufcan.com

*Attorney for Defendants Justin Bieber, Universal Music Corp., Def Jam Recordings, a*
*division of UMG Recordings, Inc. (formerly known as "The Island Def Jam Music*
*Group") and Usher Raymond, IV, p/k/a Usher*

Jonathan D. Davis, Esq. *(pro hac vice)*
Jonathan D. Davis, P.C.
10 Rockefeller Plaza, Suite 1015
New York, NY 10020
Telephone: 212-687-5464
Facsimile: 212-697-2521
jdd@jddavispc.com

*Attorneys for Defendant*
*Usher Raymond, IV, p/k/a Usher*

Nathan Muyskens
Virginia State Bar No. 39168
Loeb & Loeb LLP
901 New York Avenue NW
Suite 300 East
Washington, DC 20001

Telephone: 202-618-5000
Facsimile: 202-618-5001
nmuyskens@loeb.com

Barry I. Slotnick *(pro hac vice)*
Cheng L. Chen *(pro hac vice)*
Loeb & Loeb LLP
345 Park Avenue
New York, NY 10154
Telephone: 212-407-4000
Facsimile: 212-407-4990
bslotnick@loeb.com
lchen@loeb.com

*Attorneys for Heather Bright, B-RHAKA
Publishing LLC, WB Music Corp. and
Sony/ATV Music Publishing LLC*

   */s/ Stephen E. Noona*
Stephen E. Noona
Virginia State Bar No. 25367
Kaufman & Canoles, P.C.
150 W. Main Street, Suite 2100
Norfolk, VA 23510
Telephone: 757-624-3239
Facsimile: 888-360-9092
senoona@kaufcan.com