**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

| | |
|---|---|
| DEVIN COPELAND p/k/a DE RICO and MAREIO OVERTON,<br><br>      Plaintiffs,<br><br>v.<br><br>JUSTIN BIEBER, USHER RAYMOND IV p/k/a "USHER," HEATHER BRIGHT, Individually and d/b/a B-RHAKA PUBLISHING, UNIVERSAL MUSIC CORP., SONY/ATV MUSIC PUBLISHING LLC, BIEBER TIME PUBLISHING, LLC, WB MUSIC CORP., and DEF JAM RECORDINGS, A DIVISION OF UMG RECORDINGS, INC. (FORMERLY KNOWN AS "THE ISLAND DEF JAM MUSIC GROUP")<br><br>      Defendants. | Civil Action No. 2:13-cv-246 (AWA-RJK) |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' JOINT MOTION TO STRIKE
PORTIONS OF THE EXPERT REPORT OF JASON A. DEANS, CPA, CVA**

Defendants Justin Bieber, Usher Raymond IV p/k/a "Usher," Heather Bright, Individually and d/b/a B-Rhaka Publishing, Universal Music Corp., Sony/ATV Music Publishing LLC, WB Music Corp., and Def Jam Recordings, a division of UMG Recordings, Inc. (collectively, "Defendants"), by counsel, pursuant to Rules 16, 26 and 37 of the Federal Rules of Civil Procedure, move this Court for an order striking the portions of the expert report of Jason Deans ("Deans Rebuttal Report") that do not constitute rebuttal to the expert report of Barry Massarsky, MBA, ("Massarsky Report"), Defendants' expert on damages. True and correct copies of the Massarsky Report and Deans Report are attached to the Declaration of Stephen E. Noona as Exhibits A and B.

# I.

## INTRODUCTION

In this action for copyright infringement, Plaintiffs seek an award of Defendants' profits derived from the alleged infringement of Plaintiffs' song "Somebody To Love." Plaintiffs never disclosed a detailed computation of their alleged damages as required by Federal Rule of Civil Procedure 26(a)(iii). Nor did they disclose an expert on the subject of damages, whose report presumably would have contained such a computation. Rather, Plaintiffs waited until *after* Defendants disclosed a report on certain economics issues from their expert, Barry Massarsky ("Massarsky"), to serve a *rebuttal* report from their proffered expert, Jason Deans ("Deans Rebuttal Report"). The Court's Amended Agreed Scheduling Order ("the Scheduling Order") was explicit that if Plaintiffs "d[id] not serve any Rule 26(a)(2)(B) expert disclosures *concerning damages* by February 19, 2016, then on or before [May 2], 2016, Plaintiffs [were] entitled to serve upon all parties a counter expert report *that responds only to the Defendants' damages expert report*." ECF No. 108, at 2 (emphasis added).

In violation of the Court's Scheduling Order, the Deans Rebuttal Report goes well outside the four corners of the Massarsky Report and improperly introduces an entirely new theory of damages. Specifically, Deans opines that Plaintiffs should recover the revenues purportedly attributable to Justin Bieber's performances of Defendants' song "Somebody To Love" during his "My World Tour." Deans asserts that the tour generated $79,582,660 in touring revenues, of which $4,681,333 is purportedly attributable to the accused work. (Noona Decl., Ex. B, Deans Report, p. 11, Ex. 2.) Yet, Massarsky never discussed touring revenue in his report. (*Id.*, Massarsky Report, Ex. A.) This entirely new theory of damages that Plaintiffs are computing for the first time in a *rebuttal* report must be precluded. The law is clear that

Plaintiffs cannot use their "rebuttal report" to introduce a new item of damages that they failed to properly and timely disclose on February 19, 2016.

Defendants will be severely prejudiced if Plaintiffs are allowed to introduce a new line item of damages in the Deans Rebuttal Report because this issue was not addressed by Defendants' expert and no discovery was conducted on touring revenues. Accordingly, pursuant to Federal Rules of Civil Procedure 16, 26 and 37, Defendants respectfully request an Order from the Court that strikes the portions of the Deans Rebuttal Report concerning touring revenues.

## II.

## STATEMENT OF FACTS

On January 19, 2016, the Court entered the Scheduling Order setting forth the following with respect to expert disclosures on the issues of damages:

- If Plaintiffs disclose a damages expert on or before **January 19, 2016** and serve Rule 26(a)(2)(B) expert disclosures concerning damages on or before **February 19, 2016**, then on or before **[May 2][1], 2016**, Plaintiffs are entitled to serve upon all parties a rebuttal expert report in response to any counter expert report served by Defendants.

- If Plaintiffs do not identify a damages expert on **January 19, 2016** and do not serve any Rule 26(a)(2)(B) expert disclosures concerning damages by **February 19, 2016**, then on or before **[May 2], 2016**, Plaintiffs are entitled to serve upon all parties a counter expert report that responds only to the Defendants' damages expert report.

ECF No. 108, at 2 (emphasis in original).

Plaintiffs did not serve an expert report regarding damages on or before February 19, 2016. (Noona Decl., ¶ 3.) On April 22, 2016, Defendants served the Massarsky Report regarding damages. (*Id.*, ¶ 4.) The Massarsky Report does not discuss touring revenues. On

---

[1] By the Court's April 6, 2016 Order (ECF No. 118), these dates were amended in part.

3

May 9, 2016, after the close of fact discovery, Plaintiffs served the Deans Rebuttal Report to the Massarsky Report. (*Id.*, ¶ 5.) The Deans Rebuttal Report newly and improperly introduces $79,582,660 in touring revenues from Bieber's "My World Tour" of which Deans asserts that $4,681,333 is attributable to the allegedly infringing song-in-question, "Somebody to Love."[2] (Noona Decl., Ex. B, Deans Report, p. 11, Ex. 2.)

### III.

### ARGUMENT

**A. Plaintiffs Are Precluded From Introducing A New Line Item of Damages In The Deans Rebuttal Report**

Federal Rule of Civil Procedure ("FRCP") 26 requires a testifying expert to prepare and sign a written report containing, *inter alia*, "a complete statement of all opinions the witness will express and the basis and reasons for them . . . . *at the times and in the sequence that the court orders*." Fed.R.Civ.P. 26(a)(2)(B)(i) & (a)(2)(D) (emphasis added). The FRCP further provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1).

"If, as here, the court's scheduling order permits rebuttal experts and opinions, a party may submit an expert rebuttal witness who is 'limited to contradicting or rebutting evidence on the same subject matter identified by another party in its expert disclosures.'" *Cage v. City of Chicago*, 2012 WL 5557410, at *2 (N.D.Ill. Nov.14, 2012) (*quoting Butler v. Sears Roebuck &*

---

[2] Deans' opinion concerning the disgorgement of touring revenues is additionally flawed because he fails to establish the "*infringer's* gross revenue" as required by 17 U.S.C. § 504(b) (emphasis added). The approximately $80 million revenue figure in the Deans Rebuttal Report is the top line revenue that was generated at the box office for the Bieber tour. This figure does not reflect the revenues that were actually received *by the named defendants* in this case. Deans failed to meet Plaintiffs' burden under Section 504(b) to "present proof [ ] of the *infringer's* gross revenue" (emphasis added). For that additional reason, Plaintiffs are precluded from pursuing this theory of disgorgement at trial.

4

*Co.*, 2010 WL 2697601, at *1 (N.D.Ill. July 7, 2010)). But "a rebuttal report is one that contradicts or rebuts the arguments or opinions of the opposing party's experts, not one that contains entirely new analyses." *Welch v. Eli Lilly & Co.*, 2009 WL 700199, at *5 (S.D.Ind. Mar.16, 2009). "Plaintiffs do not have free reign to produce a rebuttal report containing additional analyses on the basis that this is the same subject matter of the initial reports. A rebuttal report is not the time to change methodologies to account for noted deficiencies; instead, it is to respond to criticisms of such methodologies." *Bowman v. Int'l Bus. Mach. Corp.*, No. 11–0593, 2013 WL 1857192, at *1, *8 (S.D.Ind. May 2, 2013); *see also Withrow v. Spears*, 967 F.Supp.2d 982, 1002 (D. Del. 2013) ("[E]xpert reports that simply address the same general subject matter as a previously-submitted report, but do not directly contradict or rebut the actual contents of that prior report, do not qualify as proper rebuttal or reply reports.")

The Scheduling Order required Plaintiffs to make their Rule 26(a)(2)(B) disclosures, if any, on damages by *February 19, 2016*. *See* Scheduling Order, (ECF No. 108, at 2). Plaintiffs chose not to serve an expert report on damages by February 19, 2016. As a result, Plaintiffs are precluded from introducing a new line item of damages in the Deans Rebuttal Report that is neither discussed nor mentioned in the Massarsky Report. *Id.* (Plaintiffs limited to "serving . . . a counter expert report *responding only to the Defendants' damages expert report*.") (emphasis added); *see also* Fed. R. Civ. P. 26(a)(2)(D)(ii) (referencing reports "intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)").

Specifically, even though the Massarsky Report does not discuss touring revenues, the Deans Rebuttal Report improperly includes $79,582,660 in alleged touring revenues from Bieber's "My World Tour" of which Deans asserts that $4,681,333 is attributable to the allegedly

5

infringing song-in-question, "Somebody to Love." (Noona Decl., Ex. B, Deans Report, p. 11, Ex. 2.) If Plaintiffs wanted to seek touring revenues as a line item of damages, Plaintiffs should have made the appropriate disclosure in an expert report served on or before February 19, 2016. Plaintiffs failed to do so, and cannot now belatedly and improperly make such a disclosure in the Deans Rebuttal Report in direct violation of the Scheduling Order.

**B. Plaintiffs' Failure To Disclose Touring Revenues By February 19, 2016 Is Not Substantially Justified Or Harmless**

Plaintiffs failure to disclose touring revenues as a line item of damages in an initial report is neither substantially justified nor harmless. Plaintiffs' untimely disclosure in a rebuttal report is not justified because their own delay caused their failure to receive documentation concerning touring revenues until after February 19, 2016. In fact, Plaintiffs failed to request this information from Bieber *during the entirety of fact discovery*. Rather, Plaintiffs, with no justification, waited until *ten days before the close of discovery* to serve subpoenas on non-parties Prometheus Global Media, LLC ("Prometheus"), the owner of Billboard Magazine, and AEG Live, LLC ("AEG"), the promoter of Bieber's "My World Tour," requesting information concerning touring revenues.[3] As such, Plaintiffs are not substantially justified in failing to disclose this new theory of damages in an initial report.

Moreover, Defendants will be severely prejudiced if Plaintiffs are allowed to introduce touring revenues as a line item of damages in the Deans Rebuttal Report. The Deans Rebuttal Report was served on May 9, 2016, *three weeks after* the close of fact discovery. Had this information been properly and timely disclosed on or before February 19, 2016, Defendants would have been able to conduct the substantial discovery that would be needed to defend

---

[3] AEG objected to the subpoena. On April 21, 2016, after the close of discovery, Prometheus produced certain information published in Billboard Magazine estimating concert revenues. Defendants do not believe that the information produced by Prometheus forms a proper basis for an expert opinion.

against the claim, including (a) discovery into the portion of the touring revenues, if any, that were actually received by the Defendants, (b) discovery into the expenses that are deductible from such revenues pursuant to Title 17 U.S.C. § 504(b), and (c) eliciting expert testimony on this claim.  (Noona Decl., ¶ 6.)

However, because Plaintiffs did not properly or timely disclose this new claim, Defendants did not conduct any of the necessary discovery on touring revenues, and Defendants did not have an expert analyze "the elements of profit" from the tour that are "attributable to factors other than the copyrighted work," as Section 504(b) of the Act permits.  Accordingly, Defendants are severely prejudiced by this inability to properly defend against Plaintiffs' claim of damages regarding touring revenues.

## IV.

## CONCLUSION

Plaintiffs' unjustified delay and failure to comply with the Scheduling Order severely prejudice Defendants and cannot be rewarded.  For each and all of the foregoing reasons, and pursuant to Federal Rules of Civil Procedure 16, 26 and 37, Defendants respectfully request an Order from the Court that strikes the portions of the Deans Rebuttal Report concerning touring revenues.

Dated:  June 2, 2016               Respectfully submitted,

  　　　　　　　　　　　　　　　　 　*/s/ Stephen E. Noona*
                                   Stephen E. Noona
                                   Virginia State Bar No. 25367
                                   KAUFMAN & CANOLES, P.C.
                                   150 W. Main Street, Suite 2100
                                   Norfolk, VA  23510
                                   Telephone:  757-624-3239
                                   Facsimile:  888-360-9092
                                   senoona@kaufcan.com

Howard Weitzman (*pro hac vice*)
Jeremiah T. Reynolds (*pro hac vice*)
Gregory P. Korn (*pro hac vice*)
KINSELLA WEITZMAN ISER KUMP & ALDISERT
808 Wilshire Blvd., 3rd Floor
Santa Monica, CA  90401
Telephone:  310-566-9800
Facsimile:  310-566-9884
hweitzman@kwikalaw.com
jreynolds@kwikalaw.com
gkorn@kwikalaw.com

*Justin Bieber,  Universal Music Corp., Def Jam Recordings, a division of UMG Recordings, Inc. (formerly known as "The Island Def Jam Music Group")*

  */s/ Stephen E. Noona*
Stephen E. Noona
Virginia State Bar No. 25367
KAUFMAN & CANOLES, P.C.
150 W. Main Street, Suite 2100
Norfolk, VA  23510
Telephone:  757-624-3239
Facsimile:  888-360-9092
senoona@kaufcan.com

Jonathan D. Davis, Esq. *(pro hac vice)*
JONATHAN D. DAVIS, P.C.
10 Rockefeller Plaza, Suite 1015
New York, NY  10020
Telephone:  212-687-5464
Facsimile:  212-697-2521
jdd@jddavispc.com

*Attorneys for Defendant*
*Usher Raymond, IV, p/k/a Usher*

  */s/ Nathan Muyskens*
Nathan Muyskens
Virginia State Bar No. 39168
LOEB & LOEB LLP
901 New York Avenue NW
Suite 300 East
Washington, DC  20001
Telephone:  202-618-5000

8

Facsimile: 202-618-5001
nmuyskens@loeb.com

Barry I. Slotnick *(pro hac vice)*
Cheng L. Chen *(pro hac vice)*
LOEB & LOEB LLP
345 Park Avenue
New York, NY 10154
Telephone: 212-407-4000
Facsimile: 212-407-4990
bslotnick@loeb.com
lchen@loeb.com

*Attorneys for Heather Bright, B-RHAKA Publishing LLC, WB Music Corp. and Sony/ATV Music Publishing LLC*

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 2, 2016, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Duncan G. Byers
Virginia State Bar No. 48146
PENDER & COWARD, P.C.
222 Central park Ave., Suite 400
Virginia Beach, VA  23462
Telephone:  757-502-7396
Facsimile:  757-502-7392
dbyers@pendercoward.com

*Attorneys for Plaintiffs Devin Copeland and Mareio Overton*

Stephen E. Noona
Virginia State Bar No. 25367
KAUFMAN & CANOLES, P.C.
150 W. Main Street, Suite 2100
Norfolk, VA  23510
Telephone:  757-624-3239
Facsimile:  888-360-9092
senoona@kaufcan.com

Jonathan D. Davis, Esq. *(pro hac vice)*
JONATHAN D. DAVIS, P.C.
10 Rockefeller Plaza, Suite 1015
New York, NY  10020
Telephone:  212-687-5464
Facsimile:  212-697-2521
jdd@jddavispc.com

*Attorneys for Defendant Usher Raymond, IV, p/k/a Usher*

Nathan Muyskens
Virginia State Bar No. 39168
LOEB & LOEB LLP
901 New York Avenue NW
Suite 300 East
Washington, DC  20001
Telephone:  202-618-5000
Facsimile:  202-618-5001
nmuyskens@loeb.com

Barry I. Slotnick *(pro hac vice)*
Cheng L. Chen *(pro hac vice)*
LOEB & LOEB LLP
345 Park Avenue
New York, NY 10154
Telephone: 212-407-4000
Facsimile: 212-407-4990
bslotnick@loeb.com
lchen@loeb.com

*Attorneys for Heather Bright, B-RHAKA Publishing LLC, WB Music Corp. and Sony/ATV Music Publishing LLC*

   */s/ Stephen E. Noona*
Stephen E. Noona
Virginia State Bar No. 25367
KAUFMAN & CANOLES, P.C.
150 W. Main Street, Suite 2100
Norfolk, VA 23510
Telephone: 757-624-3239
Facsimile: 888-360-9092
senoona@kaufcan.com

14840096v1