IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DEVIN COPELAND p/k/a DE RICO and MAREIO OVERTON,

    Plaintiffs,

v.

JUSTIN BIEBER, USHER RAYMOND IV p/k/a "USHER," HEATHER BRIGHT, Individually and d/b/a B-RHAKA PUBLISHING, UNIVERSAL MUSIC CORP., SONY/ATV MUSIC PUBLISHING LLC, BIEBER TIME PUBLISHING, LLC, WB MUSIC CORP., and DEF JAM RECORDINGS, A DIVISION OF UMG RECORDINGS, INC. (FORMERLY KNOWN AS "THE ISLAND DEF JAM MUSIC GROUP")

    Defendants.

Civil Action No. 2:13-cv-246 (AWA-RJK)

## ORDER

THIS MATTER is before the Court upon the Motion of the Plaintiffs pursuant to Local Civil Rule 5 to seal the following documents, which were electronically filed under seal on June 16, 2016, including Exhibit N to the Decalration of Duncan Byers (ECF No. 162 ) ("Exhibit N to Byers' Declaration"). Having considered the written submissions of the parties and having determined that this action involves allegations requiring the disclosure of confidential and proprietary information, this Court makes the following findings of fact and conclusions of law.

### Findings of Fact

1. Plaintiffs have moved the Court for leave to file Exhibit N to Byers' Declaration under seal. In this action for copyright infringement, Plaintiffs seek an award of Defendants' profits derived from the alleged infringement of Plaintiffs' song "Somebody To Love"

("Plaintiffs' Song"). As such, Defendants produced confidential financial information in discovery relating to their exploitation of Defendants' song "Somebody to Love" ("Defendants' Song") (collectively, "Defendants' Confidential Financial Information"). Defendants' Confidential Financial Information includes sales and financial information regarding both (a) Justin Bieber's album "My World 2.0," which includes Defendants' Song as one of ten tracks, and (b) the exploitation of Defendants' Song as a single.

2. Prior to the production of Defendants' Confidential Information, and in order to protect from the unauthorized disclosure of Defendants' Confidential Information, the Parties entered into a Stipulated and Agreed Protective Order. (Dkt. No. 104) ("Agreed Protective Order"). The Agreed Protective Order allows the Parties and third parties to designate information as "Confidential" or "Highly Confidential – Outside Counsel Only," and provides that a party wishing to use materials so designated in a submission filed with the Court must move pursuant to Local Rule 5 for leave to file the submission under seal. (Agreed Protective Order, ¶¶ 2, 6).

3. Defendants' Confidential Information was produced to Plaintiffs under the "Confidential" or "Highly Confidential – Outside Counsel Only" designation. Exhibit N to Byers' Declaration contains deposition testimony of Barry Massarsky, defendants' damages expert, which references confidential financial information relating to Defendants' alleged profits derived from their alleged infringement of Plaintiffs' Song, and therefore references and incorporates Defendants' Confidential Financial Information. The materials in Exhibit N to Byers' Declaration have been designated as "Highly Confidential – Outside Counsel Only."

4. On June 16, 2016, Plaintiffs filed their Motion and Memorandum in Support of Motion to Seal Certain Documents along with a Proposed Order, and a Notice of their Motion to Seal on the public docket.

5. By designating Exhibit N to Byer's Declaration as "Highly Confidential – Outside Counsel Only," Defendants have represented that the documents include Defendants' confidential and/or proprietary information, the disclosure of which would cause them prejudice if released to the public. Therefore, the Parties have a legitimate interest in the continued confidentiality of this information.

6. Defendants' Confidential Financial Information is not generally known, has economic value, and the disclosure of it would cause competitive harm and disadvantage if made public. *See In re Knight Pub. Co.*, 743 F.2d 231 (4th Cir. 1984); *see also Level 3 Commc'ns, LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 577 (E.D. Va. 2009) (stating that courts may "refuse to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing") (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978)). Competitors could improperly benefit from the disclosure of Defendants' Confidential Financial Information and could use it to enhance their market position. The Parties therefore have a legitimate interest in having sealed Exhibit N to the Byers' Declaration. Defendants have supported this factual finding with the Declaration of Stephen E. Noona.

## Conclusions of Law

7. Local Civil Rule 5 and the Stipulated and Agreed Protective Order of this case support the sealing of Exhibit N to Byer's Declaration.

8. There are three requirements for sealing court filings: (1) public notice with an opportunity to object; (2) consideration of less drastic alternatives; and (3) a statement of specific

findings in support of a decision to seal and rejecting alternatives to sealing. *See, e.g., Flexible Benefits Council v. Feltman*, No. 1:08-CV-371, 2008 U.S. Dist. LEXIS 93039 (E.D. Va. Nov. 13, 2008) (citing *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000)).

9. Plaintiffs have met the public notice requirement by filing a separate Notice of the Motion to Seal for docketing. Public Notice of the Motion to Seal is satisfied by docketing the motion "reasonably in advance of deciding the issue." *See In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984) (cited by *Ashcraft*, 218 F.3d at 302).

10. Plaintiffs have forwarded an *in camera* copy of Exhibit N to Byers' Declaration to the Court. Given that Exhibit N to Byers' Declaration extensively discusses or contains confidential financial information relating to Defendants, it is necessary to file Exhibit N to Byers' Declaration under seal to appropriately enable the Defendants to comply with the Agreed Protective Order and preserve the confidential nature of these materials.

11. The third *Ashcraft* consideration is satisfied by the findings of fact and law in this proposed Order.

THEREFORE, the Motion to Seal is GRANTED and it is ORDERED that the Clerk is directed to maintain Exhibit N to Byers' Declaration under seal. The sealed material shall remain sealed until forty-five (45) days after the final resolution of this matter and then, returned to counsel.

DATED: June 27, 2016

/s/
Robert J. Krask
United States Magistrate Judge

**WE ASK FOR THIS:**

/s/ *Stephen E. Noona*
Stephen E. Noona
Virginia State Bar No. 25367
KAUFMAN & CANOLES, P.C.
150 W. Main Street, Suite 2100
Norfolk, VA 23510
Telephone: 757-624-3239
Facsimile: 888-360-9092
senoona@kaufcan.com

Howard Weitzman (*pro hac vice*)
Jeremiah T. Reynolds (*pro hac vice*)
Gregory P. Korn (*pro hac vice*)
KINSELLA WEITZMAN ISER KUMP & ALDISERT
808 Wilshire Blvd., 3rd Floor
Santa Monica, CA 90401
Telephone: 310-566-9800
Facsimile: 310-566-9884
hweitzman@kwikalaw.com
jreynolds@kwikalaw.com
gkorn@kwikalaw.com

*Justin Bieber, Universal Music Corp., Def Jam Recordings, a division of UMG Recordings, Inc. (formerly known as "The Island Def Jam Music Group")*

/s/ *Stephen E. Noona*
Stephen E. Noona
Virginia State Bar No. 25367
KAUFMAN & CANOLES, P.C.
150 W. Main Street, Suite 2100
Norfolk, VA 23510
Telephone: 757-624-3239
Facsimile: 888-360-9092
senoona@kaufcan.com

Jonathan D. Davis, Esq. (*pro hac vice*)
JONATHAN D. DAVIS, P.C.
10 Rockefeller Plaza, Suite 1015
New York, NY 10020
Telephone: 212-687-5464
Facsimile: 212-697-2521
jdd@jddavispc.com

*Attorneys for Defendant
Usher Raymond, IV, p/k/a Usher*

5

/s/ Nathan Muyskens
Nathan Muyskens
Virginia State Bar No. 39168
LOEB & LOEB LLP
901 New York Avenue NW
Suite 300 East
Washington, DC 20001
Telephone: 202-618-5000
Facsimile: 202-618-5001
nmuyskens@loeb.com

Barry I. Slotnick *(pro hac vice)*
Cheng L. Chen *(pro hac vice)*
LOEB & LOEB LLP
345 Park Avenue
New York, NY 10154
Telephone: 212-407-4000
Facsimile: 212-407-4990
bslotnick@loeb.com
lchen@loeb.com

*Attorneys for Heather Bright, B-RHAKA Publishing LLC, WB Music Corp. and Sony/ATV Music Publishing LLC*

14881761v1